## Lynch v. Hoover

*Robert E. Horner*, for plaintiff.

*Bailey & Rupp*, for defendant.

KREIDER, J., September 26, 1955.—This is an action for damages resulting from the alleged negligent operation of defendant's automobile. Defendant filed preliminary objections in the nature of a motion to strike off the amended complaint and a motion for a more specific complaint.

### Motion to Strike Off

Defendant moves to strike off the amended complaint because he contends paragraph 5 thereof violates Pa. R. C. P. 1022, which provides:

"Every pleading shall be divided into paragraphs numbered consecutively. Each paragraph shall contain as far as practicable only one material allegation."

Paragraph 5 of the amended complaint is as follows:

"5. The said accident was due solely to the negligence and carelessness of defendant which consisted inter alia of the following:

"(a) In that defendant violated the Act of May 1, 1929, P. L. 905, as amended, Section 1002 B3 in that defendant operated his said vehicle in a careless, reckless and negligent manner at an improper and illegal rate of speed under the circumstances disregarding the rules and regulations of the State of Pennsylvania and the City ordinances of the City of Harrisburg.

"(b) In that defendant violated the Act of May 1, 1929, P. L. 905, as amended, Section 1012 in that defendant failed to give any warning of his approach or intended direction.

"(c) In that defendant violated the Act of May 1, 1929, P. L. 905, as amended, Section 1002A in that defendant failed to have his vehicle under the proper control and that he operated his said vehicle at a speed that endangered the life, limb and property of plaintiff at a speed greater than permitted him to bring his vehicle to a stop within the assured clear distance ahead.

"(d) In that defendant failed to have his vehicle equipped with proper brakes and other safety appliances.

"(e) Defendant operated his said vehicle without regard of the existence of pedestrians lawfully on the highway.

"(f) With the plaintiff hereto in full view, the defendant operated his said vehicle so carelessly and negligently that he brought it into forceful and violent contact with the body of the plaintiff causing her to suffer the injuries hereinafter set forth."

Defendant contends that this paragraph contains ". . . at least 12 separate and distinct material allegations contained in six subparagraphs . . ." and is in violation of rule 1022 which requires that each paragraph shall contain, as far as practicable, one material allegation. In support of this contention he cites Cook et al. v. Resolute Insurance Co., 78 D. & C. 371 (1952), Lehigh County, Henninger, P. J., in which the court granted a motion to strike off an answer which contained, under new matter, a paragraph consisting of 13 averments and inferences. In that case the court said:

". . . The true criterion is not whether a pleading complies to the letter with prescribed rules but whether the other party is prejudiced by the deviation from such rules: Fulton v. Arnold, 10 D. & C. 281."

We do not agree that paragraph 5 with subparagraphs (a) through (f) contains 12 "material allegations". Subparagraph (e) is a conclusion. Subparagraphs (a), (b), (c) and (f) contain material statements of fact as well as conclusions of law. Subparagraph (d) contains a statement of fact. There are actually three material averments made in paragraph 5, i.e.: (1) That defendant operated his car at a speed which did not permit him to stop within the assured clear distance ahead; (2) that his car was not equipped with proper brakes, and (3) that defendant operated his car in such a negligent manner that it was brought into forceful and violent contact with plaintiff.

While each of these statements may, per se, constitute allegations of negligence, when taken together they characterize the negligent operation of an automobile which is the essential allegation of fault in this action. The statements of "recklessness", "carelessness", and "negligence" are conclusions which may be considered harmless surplusage and do not require an answer.

It is to the form of paragraph 5 that defendant objects. He states in his brief: "This is not a complicated case and defendant has had no difficulty in segregating plaintiff's allegations and putting each into a separate paragraph, as will be seen by reference to paragraph 1 of the motion to strike. . . ." With this statement the court agrees. The failure of plaintiff to break down paragraph 5 into 12 separate and distinct paragraphs has not prejudiced defendant or made it impossible or very difficult for him to frame a reply. The difficulty or impossibility of answering a complaint is the test to be used in applying rule 1022. Applied in the instant case it does not compel us to grant the motion to strike the amended complaint.

### Motion for More Specific Complaint

Defendant moves for a more specific complaint alleging it is lacking in particularity. He attacks paragraph 4 of the amended complaint because it alleges defendant operated his vehicle "in excess of the speed allowed by law", but fails to set forth the speed at which defendant was traveling or the maximum legal rate of speed at the time and place of the collision. Paragraph 4 of the amended complaint is as follows:

"4. At said time and place, defendant was operating his said vehicle in a careless, reckless and negligent manner in a southerly direction on Second Street at or about the point where Second Street intersects Walnut, when defendant made a left turn from Second Street into Walnut Street at a rate of speed that was too fast for the conditions then and there existing and in excess of the speed allowed by law, without giving any warning of his approach or intended direction, without having his vehicle under proper control and at a speed that failed to allow him to stop within the assured clear distance ahead, and he proceeded to smash into plaintiff, in spite of the fact that plaintiff was in full view."

Paragraph 4 should be read in connection with paragraph 3, which states:

"3. On or about the 9th day of April, 1954, at or about 5:58 P.M., plaintiff was carefully, lawfully and prudently walking across Walnut Street where Walnut Street intersects with Second Street in the City of Harrisburg, Dauphin County, with the traffic light there erected for the control of traffic in her favor from the south to the north side of Walnut Street on the eastern side of the said intersection."

While a general allegation of "in excess of the speed allowed by law" standing alone might not be sufficient, we think it is not fatally defective where, as in this case, plaintiff has averred the circumstances on which the allegation of excessive speed is based.

In Weber v. Wintersteen, 47 Schuyl. 100 (1950), objection was made to a complaint which averred that defendant "drove the same at an excessive and unlawful rate of speed under the circumstances" on the ground that it failed to state at what speed the car was being operated. The Schuylkill County court, speaking through Judge Dalton, in overruling the objection, said at page 101:

". . . We do not agree with the ruling in Orton et al. v. Jordan, 57 D. & C. 291, that unless the rate of speed is stated, an averment of this character is merely a legal conclusion. In Mattern v. Heil, 45 Sch. L. R. 42, 43, this court held that such an averment is an averment of an ultimate fact. We agree with the decisions in Wayne et ux. v. Davis, 50 Lancaster L. R. 55, and Kahler, admrx. v. Landis Stone Meal Co. et al., 50 Lancaster L. R. 90, which hold that it is not necessary to allege the rate of speed in miles per hour or even to state the approximate rate of speed. As every experienced trial lawyer knows, the rate of speed and whether it was excessive under the circumstances are questions of

fact for the jury, often decided on the basis of conflicting estimates or opinions of eyewitnesses or inferred from attendant physical conditions. The averment in paragraph 9 (a) of this complaint sufficiently informs the defendants that the plaintiff contends that the speed of the car was one of the causative factors in the accident. We cannot see that anything would be gained by requiring the plaintiff to state a definite number of miles per hour."

The Weber case was cited with approval by President Judge Rodgers of Mercer County in Lapinsky et vir v. Graham, 88 D. & C. 156 (1954).

In the instant case plaintiff has averred sufficient facts in his amended complaint to apprise defendant of what he must meet at the trial with respect to the charge that he operated his car at an excessive rate of speed under the circumstances and in a careless, reckless and negligent manner. Furthermore, we see no merit in defendant's contention that plaintiff must aver the legal rate of speed at the time and place of the collision. Defendant-operator of the motor vehicle should have as much or more knowledge of this matter than pedestrian-plaintiff: Sprecker v. Minutola et al., 60 Dauph. 582 (1949), Neely, J.; Machamer and Gwyther v. Pomeroy's, Inc., 48 Schuyl. 139 (1952), Curran, J.

Defendant's objection relating to the alleged violation of *unspecified* ordinances of the City of Harrisburg, par. 5(a), is well taken. Since proof of violation of a city ordinance is admissible as evidence tending to show negligence. (Connor v. Electric Traction Co., 173 Pa. 602, 608 (1896); Murphy v. Phila. Rapid Transit Co., 285 Pa. 399, 403 (1926)), defendant should be advised what city ordinances plaintiff intends to prove were violated: Isaac v. Sargent, 40 York 186 (1927), Stock, J.

An objection is made to the sufficiency of the aver-

ment that defendant failed to have "his vehicle under proper control". An averment such as this is an ultimate fact and as such is properly pleaded although it contains a conclusion as well. To require a more particular pleading of such an averment would be to necessitate the pleading of evidentiary matters. Such are not required to be pleaded: Weber v. Wintersteen, 47 Schuyl. 100, 102, supra, citing Melnick v. City of Pottsville, 43 Schuyl. 121 (1947) and Mattern v. Heil, 45 Schuyl. 42 (1948).

Defendant objects to paragraph 5(d) as being vague and indefinite. Plaintiff avers that defendant failed to have his vehicle equipped with proper brakes and "other safety appliances". Defendant seeks to have plaintiff specify in what manner the brakes were improper and what other safety appliances were lacking. The averment of improper brakes is sufficient. To require more would be to require the pleading of evidence. However, with respect to "other safety appliances" the averment is not sufficiently specific.

Defendant objects to plaintiff's averment that defendant operated his vehicle "without regard of the existence of pedestrians lawfully on the highway", without specifying "their number, identity and relative locations at the time of the collision". We think a more specific complaint with reference to persons other than plaintiff would not clarify the fundamental issues involved or materially aid defendant. He is not being called upon to defend his conduct toward any pedestrian except plaintiff. In this respect defendant is fully informed.

Finally, defendant objects to the averment that plaintiff suffered a "severe shock to her nerves and nervous system".

Defendant desires to be informed what nerves were damaged and how they were damaged. Paragraph 6 of the amended complaint avers:

"6. By reason of the above described occurrence, plaintiff sustained injuries in the nature of an interacapsular [sic] fracture of the left hip and a fracture of superior and inferior left pubic rami together with bruises and lacerations of her body together with a severe shock to her nerves and nervous system by reason of which she was rendered sick, sore, lame, prostrate and disordered and was made to undergo great mental anguish and physical pain, as a result of which she has suffered, yet suffers and will continue to suffer for an indefinite time in the future."

In pleading damages the rule is stated in 3 Standard Pa. Practice 153, §49, as follows:

"GENERAL DAMAGES. It is fundamental that general damages—that is, damages such as *necessarily result* from the injury complained of—which are the ordinary, usual, or *natural consequences* of the wrong done—are not required to be specially pleaded; averment of the facts showing the wrong done, together with a general averment of the resulting damage, is sufficient to authorize the recovery of such damages as would naturally follow from the act complained of. The law presumes damages which are the necessary and proximate consequence of the act complained of to have resulted from that act, so that the defendant cannot be taken by surprise in the proof of such damages. . . ."

The tenor of the language in the instant case is *not* that the injury to the nerves and nervous system is a *necessary or natural result* or *consequence* of the other injuries but rather that it is a separate, distinct and specific injury upon which recovery of damages is predicated. While plaintiff is not required to plead "what nerves and how they were damaged" as defendant contends, that averment, nevertheless, should be amended with more particularity as to the nature of the alleged injury and how the "shock to her nerves

and nervous system" affects her. See Brehony v. Esrey, 60 Montg. 207, 208 (1944), Knight, P. J. In Ludwig Driefer v. Hershey Estates, Inc., 61 Dauph. 468 (1951), Braham, P. J., (fifty-third judicial district, specially presiding), this court sustained preliminary objections to an averment that plaintiff sustained "serious and permanent injuries to his nervous system" and required a more specific complaint with respect to such a general allegation. We adhere to the principles applied in that case and therefore sustain defendant's objection.

### Order

And now, September 26, 1955, defendant's objections to subparagraphs 5(a), 5(d) and paragraph 6 are sustained to the extent we have indicated and plaintiff is directed to file an amended complaint within 20 days.