## Home Builders Association of Metropolitan Pittsburgh v. Allegheny County Plumbing Board

*Robert C. McCartney, Edward G. O'Connor* and *John R. Kenrick,* for plaintiffs.

*James V. Voss* and *Maurice Louik,* for defendants.

MARTIN, J., July 15, 1970.—On June 29, 1970, there was submitted to the undersigned for adjudication defendants' preliminary objections to the complaint filed by plaintiffs.

On December 30, 1969, the Home Builders Association of Metropolitan Pittsburgh and the Plastics Pipe Institute, a division of the Society of the Plastics Industry, Inc., filed this appeal under the Local Agency Law of December 2, 1968 (Act No. 353), 53 PS §§11301-11311, the purpose of the statutory appeal being to obtain a judicial review of the decision reached by the Allegheny County Plumbing Board on November 19, 1969, and communicated to plaintiffs on or after December 1, 1969, which purported to

deny 11 "Approval Requests" seeking the right to use certain types of plastic pipe for specified plumbing purposes within Allegheny County.

The plumbing board is a 17-member board appointed by the Allegheny County Board of Commissioners pursuant to Section 2209.1 of the Allegheny County Plumbing Code. The Plumbing Code was adopted by the Allegheny County Board of Commissioners on January 6, 1969, effective July 1, 1969, as article XV of the Allegheny County Health Department Rules and Regulations.

The complaint consists of 46 pages containing 108 separately numbered paragraphs and 20 subparagraphs, in addition to many exhibits.

The preliminary objections filed by defendant, Allegheny County Plumbing Board, set forth objections to the jurisdiction of the court, to the failure to state a cause of action in the complaint, and to approximately 52 additional alleged errors in the drafting of the complaint. Defendants request that the complaint be dismissed, or, in the alternative, that other relief be ordered before an answer is required.

The complaint alleges damage to the Home Builders as a result of error on the part of the plumbing board in its actions and nonactions relating to failure to approve plastic pipe for use in construction.

This statutory appeal was filed on December 30, 1969, to challenge the adverse decisions of the November 19, 1969, plumbing board meeting on five different counts. Generally described, the five counts of the complaint, as amended, allege claims concerning (1) the failure of the plumbing board to take action within 30 days following the hearing, as required by section 2219 of the Plumbing Code, and its subsequent action in November 1969; (2) the absence from that code of adequate criteria and standards for the

approval of alternative materials, resulting in an unconstitutional delegation of legislative authority and denial of due process of law; (3) the objective adequacy of the materials covered by HBA approval requests nos. 1-11, and the denial of substantive due process of law resulting from the attempts of defendants to interfere with their use without any real justification based on public health or safety; (4) the procedural deficiencies in the consideration of the matter by the plumbing board; and (5) the special inapplicability of the "police power" authority of the plumbing board and health department to storm water and venting systems unrelated to sanitary sewers and/or to potable water piping.

The preliminary objections were filed by defendants on January 26, 1970. In response thereto, plaintiffs filed certain amendments to complaint on February 5, 1970.

The complaint recites the actions of plaintiffs and defendants beginning with public hearings conducted by the Allegheny County Board of Health held on November 7, 1968, to purported adjudications on November 19 and 25, 1969. The requests for approval of the use of plastic pipe, which are here involved, were submitted by the Home Builders to the plumbing board on July 1, 1969.

Because of the delays attendant with the matters now before this court, there has already been another adjudication dealing with this great plastic pipe controversy.

We have considered the voluminous complaint with the multitudinous objections thereto. All of the preliminary objections will be denied, and defendants are directed to file an answer within 20 days from the date hereof. Plaintiffs are entitled to have the matters presented in their complaint determined on their

merits as promptly as possible. This court will not preliminarily deny to plaintiffs their opportunity to be heard.

*I. The preliminary objections as to jurisdiction and in the nature of a demurrer are dismissed.*

Defendants assert a preliminary objection as to jurisdiction, resting on an alleged lack of "final adjudication," as required by the Local Agency Law of December 2, 1968 (Act No. 353), 53 PS §§11302, 11307. It also asserted a preliminary objection in the nature of a demurrer, which evidently depends on the same general theory. In the brief filed on June 29, 1970, defendants seem to have joined both of those preliminary objections under one issue and argument.

The objection to the jurisdiction of the court is without merit. Paragraph 42 of the complaint was amended to set forth that on November 19, 1969, the plumbing board acted to deny all of plaintiffs' requests for approval of plastic pipe. The action of the plumbing board purports to be an "adjudication" within the definition of that word contained in section 2 of the Local Agency Law, 53 PS Supp. §11302(1).

The further question as to whether the tardiness of the plumbing board in taking action has resulted in approval of all the requests submitted by plaintiffs and is the basis of plaintiffs' right to appeal need not be determined at this time in this action. We do take notice, however, that the legal significance of the 30-day time limit for action by the plumbing board has been recently resolved in favor of plaintiffs. On June 24, 1970, Judge David Olbum entered an adjudication and order in a related mandamus action of Ryan Homes, Inc., et al. v. McDermott et al., at April term, 1970, no. 1364, of this court. In that decision, Judge Olbum specifically ruled that two of the HBA approval requests have been approved as a matter of law by the failure of the plumbing board to take action on them

within 30 days after the hearing of July 25, 1969. Because all of the HBA approval requests nos. 1-11 were dealt with by the board at the same time and in the same manner, the decision of Judge Olbum in that mandamus case may be followed with respect to all of those requests. It appears that Judge Olbum did not rule on all of the issues which are presented in the present appeal.

The fact that it is contended, and that Judge Olbum has specifically found, that the 11 approval requests were automatically approved by the inaction of the board within 30 days after July 25, 1969, does not in any way affect the status of the belated attempts of the plumbing board to reject those approval requests on November 19, 1969. The only relationship between the two is that the automatic approval which occurred in August may be one of several independently sufficient reasons for which the plumbing board could not properly reject these materials in November of the same year.

The argument of defendants that permitting plaintiffs to maintain this statutory appeal would have some allegedly undesirable consequences is without merit. The desirability or undesirability of the plastic pipe products involved in this dispute may be demonstrated at the trial of this case if trial is necessary. The only question now before this court is whether plaintiffs should have a right and opportunity to present that issue and the other important questions involved in this case to the court. Defendants have succeeded in delaying for more than a year and a half a clarification of the legal status of plastic pipe materials for plumbing purposes in Allegheny County. Further delay would be a great injustice. If defendants are sincerely interested in the health, safety and welfare of the citizens of Allegheny County, they should proceed immediately to meet plaintiffs on the merits and

to enable the court to decide just where the public interest does lie.

Plaintiffs certainly are entitled to have their day in court to test the validity and effect of the November 19, 1969, decision of the plumbing board. The Local Agency Law was specifically designed to provide that opportunity in such a case. The Local Agency Law was enacted to implement the provisions of article V, sec. 9, of the new Pennsylvania Constitution. Article V, sec. 9, provides:

"There shall be a right of appeal in all cases to a court of record from a court not of record; and there shall also be a right of appeal from a court of record or from an administrative agency to a court of record or to an appellate court, the selection of such court to be as provided by law; and there shall be such other rights of appeal as may be provided by law."

This provision is much broader than that contained in the 1874 Constitution, article V, sec. 14, which did not provide for the right of appeal from an administrative agency to a court of record.

Section 7 of the Local Agency Law, 53 PS §11307, provides:

"Any person aggrieved by a final adjudication who has a direct interest in such adjudication shall have the right to appeal therefrom. Such appeal, unless otherwise provided by a statute authorizing a particular appeal, shall be taken within thirty days to the court of common pleas of any judicial district in which the local agency has jurisdiction."

Even if defendants had not admitted so in their brief, the decision reached by the plumbing board on November 19, 1969, was a final adjudication of the plumbing board within the meaning of the Local Agency Law. The written notice of that action was communicated in the form of the letter dated November 25, 1969, a copy of which is attached as exhibit

"C" to the amendments to complaint filed by plaintiffs on February 5, 1970, in this action. The language of that letter could hardly be more explicit. It stated, in pertinent part:

"The Allegheny County Plumbing Board at their meeting of November 19, 1969 concurred with the recommendation of the Appeals Committee to deny approval of each of the eleven (11) plastic pipe appeals."

*II. The preliminary objections in the nature of a motion to strike and a motion for more definite pleadings also will be dismissed.*

Defendants have filed motions to strike 24 paragraphs of the statutory appeal complaint, alleging such reasons therefor as the pleading of conclusions of law, inferences, scandalous matter, impertinent matter, irrelevant matter, and the averment of more than a single fact per paragraph.

Conclusions of law, irrelevant matter, evidentiary matter, etc., if any, in a pleading are generally treated as harmless surplusage and ignored: Bovard v. Ohio Farmers Insurance Company, 64 D. & C. 316 (1948); Fromm v. Fromm, 42 D. & C. 2d 77 (1967). As stated in Bovard, at page 317: "the courts do not look with favor upon objections that are purely technical and captious in their nature and without which the case might proceed to an earlier conclusion." A pleading containing improper matter should only be stricken upon a showing of real prejudice: Fromm v. Fromm, supra, at page 84; Southeastern Pennsylvania Transportation Authority v. Philadelphia Transportation Company, 38 D. & C. 2d 653 (1965). In the instant action, defendants have made no attempt to show real prejudice resulting from the inclusion in the statutory appeal complaint of the allegedly improper matter.

The test for impertinence is relevancy to the issues before the court: Schiavo v. Caplo (No. 2), 6 D. & C. 2d 556, 559 (1955). Averments in a pleading should not be stricken as impertinent unless they appear to be wholly irrelevant in every particular: Alwine v. Erb, 11 D. & C. 2d 279, 283 (1955). The degree of impertinence necessitating striking must be of an "acute form": Schwingen v. Piekarski, 13 D. & C. 2d 617, 619 (1957).

Averments are not scandalous unless it can be shown that they are not relevant to the issues before the court, and that they bear cruelly on the moral character of an individual, or state something which is contrary to good manners, or something which is unbecoming to the dignity of the court to hear, Schwingen v. Piekarski, supra, at page 618. All pertinent and material averments in a pleading cannot be termed scandalous: Alwine v. Erb, supra, at page 282.

Pennsylvania Rule of Civil Procedure 1022 requires one material allegation per paragraph "as far as practicable." A lengthy and complex paragraph does not violate rule 1022, if the subsidiary facts fit together in a single allegation: Mazur v. Damilowicz, 24 Northumb. 145 (1952).

The issues presented by the complaint are numerous and complex. In these circumstances plaintiffs will not be required to amend their complaint. Proper answer of the allegations contained in the complaint will, hopefully, result in shortening of the time necessary for trial through the pretrial elimination of matters not in dispute.

## ORDER

And now, July 15, 1970, the preliminary objections of defendants to plaintiffs' complaint, as amended, are dismissed. Defendants have 20 days within which to file an answer.