The General State Authority, Plaintiff *v.* The Sutter Corporation and Certain-Teed Products Corporation, Defendants.

Argued January 6, 1976, before President Judge Bow-
MAN and Judges CRUMLISH, JR., KRAMER, WILKINSON,
JR., MENCER, ROGERS and BLATT.

*John L. Sweezy*, Assistant Attorney General, with
him *Richard D. Holahan*, Assistant Attorney General, and
*Michael A. Madar*, Chief Counsel, for plaintiff.

*Anthony J. Ciotola*, with him *Louis Geo. Feldmann*,
and *Feldmann & Ciotola*, for defendant, Sutter Corpora-
tion.

*Robert J. Brown*, with him *Kain, Brown, Roberts &*
*Woodbury*, for defendant, Certain-Teed Products Corpo-
ration.

OPINION BY JUDGE CRUMLISH, JR., April 26, 1976:

The instant action was commenced when the General State Authority (GSA), plaintiff herein, filed its complaint in assumpsit seeking damages arising from the construction of an annex to the Scranton State General Hospital, from the Sutter Corporation (Sutter) and Certain-Teed Products Corporation (Certain-Teed). Both defendants filed preliminary objections to that complaint and reinstituted those objections when GSA filed its amended complaint.[1] It appears from the averments contained in the amended complaint that Sutter was hired as the general contractor who in turn employed Dunmore Roofing and Sheet Metal Company to install a "built-up roof" for the hospital. It is further averred that Certain-Teed supplied and warranted the roofing materials used in the project.

## SUTTER'S PRELIMINARY OBJECTIONS

■ The initial objection of Sutter is that GSA's amended complaint fails to conform to Pa. R.C.P. No. 1022 in that paragraphs five and eight[2] of the amended complaint contain more than one material allegation. Pa. R.C.P. No. 1022 states in relevant part, "[e]ach paragraph shall contain as far as practicable only one material allegation." The thrust and purpose of this rule are set forth in 2A Anderson, Pennsylvania Civil Practice, §1022.3, wherein it is stated:

---

1. The only changes in the amended complaint alleged that the roof materials were supplied and warranted by Certain-Teed whereas the original complaint had averred that these materials were manufactured and supplied by Owens-Corning Fiberglass Corporation and were warranted by Certain-Teed.

2. Although Sutter's brief raises the Rule 1022 objection with respect to paragraphs other than five and eight, we are bound to dispose of this objection only insofar as it relates to paragraphs five and eight for those are the only paragraphs pleaded in Sutter's preliminary objections.

"This standard must be applied with great flexibility, not only because of the express direction of the rule that, 'the standard be followed as far as practicable.' but also because there is no set standard as to what constitutes a material allegation. Mere length, complexity, and verbosity do not in themselves violate Rule 1022 if the subsidiary facts averred fit together into a single allegation."[3]

And generally, it may be said that the test of compliance is the difficulty or impossibility one has in answering the complaint.[4]

We have carefully examined the two paragraphs to which the objection has been filed and conclude that although these paragraphs could have been more artfully drawn, Sutter will suffer no prejudice by answering, and indeed is in a position to answer the allegations in these respective paragraphs because conditional and explanatory admissions or denials are available in a responsive pleading.

Paragraph five concerns Sutter's bid, its acceptance, the resultant contract, and the bond required by that contract. Undoubtedly, each of these averments could be pleaded in individual paragraphs, however, an overall view of the paragraph as pleaded shows that GSA has attempted to plead the central concept of the contract and its underpinnings and has limited the range of subject matter included.

As to paragraph eight, GSA has attempted to plead Sutter's breach of contract and further refusal to repair the damage attendant to the breach. Again, the facts averred could have been segregated into separate paragraphs, but in our review, we can find no violation of Rule

---

3. *See generally Kohr v. Weber,* 56 Lanc. 390, *aff'd,* 402 Pa. 63, 166 A.2d 871 (1959) ; *Home Builders Association v. Allegheny County Plumbing Board,* 50 Pa. D. & C. 2d 275 (1970).

4. *Lynch v. Hoover,* 3 Pa. D. & C. 2d 686 (1955).

1022 for the overriding idea expressed in this paragraph is breach, and as such, Sutter can respond.

In these circumstances, and remembering that this rule should enjoy flexibility, we find no violation of the strictures of Rule 1022.

■ Next, Sutter contends that GSA's prayer for relief against Sutter and Certain-Teed in the amount of $200,000.00 is in violation of Pa. R.C.P. No. 1019(a) in that the amended complaint fails to set forth material facts establishing joint and/or several liability of Sutter arising from the Build-Up Roof Guarantee which was executed by, and delivered to GSA by Certain-Teed. The foundations of this rule were recently set forth in *Baker v. Rangos*, 229 Pa. Superior Ct. 333, 349-50, 324 A.2d 498, 505-06 (1974), when Judge SPAETH wrote:

> "Rule 1019(a) requires fact pleading. 2A Anderson, Pennsylvania Civil Practice §1019.1 (1969). 'The purpose of [1019(a)] is to require the pleader to disclose the "material facts" sufficient to enable the adverse party to prepare his case.' Landau v. Western Pennsylvania National Bank, supra, at 225, 282 A.2d at 339. A complaint therefore must do more that 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.' Conley v. Gibson, 355 U.S. 41, 47 (1957) (statement made in reference to Fed. R. Civ. P. 8(a)). It should formulate the issues by fully summarizing the material facts. 'Material facts' are 'ultimate facts,' i.e., those facts essential to support the claim. Evidence from which such facts may be inferred not only need not but should not be alleged. See United Refrigerator Co. v. Applebaum, 410 Pa. 210, 189 A.2d 253 (1963) (allegation of defense by accommodation parties that plaintiff was accommodated party to whom they were not liable sufficient; reason for accommodation evidentiary fact that need not be alleged); Smith v. Allegheny County, 397 Pa. 404, 155 A.2d 615 (1959)

(complaint accusing defendants of failure to provide adequate drainage sufficient; source and means of flow either through pipes or strata of rock a matter of evidence). Allegations will withstand challenge under 1019(a) if (1) they contain averments of all of the facts the plaintiff will eventually have to prove in order to recover, 1 Goodrich-Amram, Procedural Rules Service §1019(a)-2; D'Antona v. Hampton Grinding Wheel Co., Inc., 225 Pa. Superior Ct. 120, 310 A.2d 307 (1973), and (2) they are 'sufficiently specific so as to enable defendant to prepare his defense,' Commonwealth Environmental Pollution Strike Force v. Jeanette, 9 Pa. Commonwealth Ct. 306, 308, 305 A.2d 774, 776 (1973)."

With the realization that GSA's allegations will withstand a 1019(a) scrutiny only if they contain averments of all of the facts that plaintiff will eventually have to prove, and they are sufficiently specific to enable a defense to be prepared, we must determine whether the facts as pleaded are material in relation to the posture of the parties as determined by the build-up guarantee.

We disagree that Rule 1019(a) has not been met. Paragraph six of the amended complaint sets forth the contractor-subcontractor basis of this contract. In summary, it may be stated that GSA has averred that Sutter, as contractor, hired Dunmore Roofing to install the built-up roof using roofing material supplied and *warranted* by Certain-Teed, while the insulation materials used were supplied and warranted by Owens-Corning. The guarantee of Certain-Teed (attached to the amended complaint by way of exhibit), if proven, would remove Dunmore from liability to the extent of the guarantee.[5] However, it would appear that excess liability above the guaranteed amount could be assessed to Sutter as contractor who, in

---

5. The amount of the build-up guarantee issued by Certain-Teed was averred to be $5,196.00.

turn, would seek contribution from the supplier who warranted the materials. This being so, GSA has pleaded material facts going to joint and/or several liability and accordingly, Sutter's Rule 1019(a) objection must be dismissed.

■ Third, Sutter has raised the objection that GSA has failed to set forth any material facts from which it can be determined whether it has a cause of action based upon joint, several, separate or alternative relief against Sutter as mandated by Pa. R.C.P. No. 2229(b).[6]

For the foregoing reasons relating to Sutter's Rule 1019(a) objection, we find no merit in this argument, and dismiss it.

■ Sutter requests this Court to order GSA to specify with a greater degree of particularity a sundry list of items which Sutter avers are material, and which, given the present state of the complaint, eliminates the prospect of an effective answer.[7] We have reviewed these

---

6. Pa. R.C.P. No. 2229(c) states in relevant part:

"A plaintiff may join as defendants persons against whom he asserts any right to relief jointly, severally, separately, or in the alternative. . . ."

7. Sutter's objections can be summarized as follows:

(a) Special requirements of the agreement of April 28, 1969 (Plaintiff's Exhibit "A") between GSA and Sutter.

(b) The Build-Up Roof Guarantee of Certain-Teed (Plaintiff's Exhibit "B").

(c) The agreement itself of April 28, 1969, between GSA and Sutter (Plaintiff's Exhibit "C").

(d) The Contract Bond (Plaintiff's Exhibit "C").

(e) The General Conditions (Plaintiff's Exhibit "C").

(f) Material facts relating to breach by Sutter.

(g) Material facts showing the alleged breach to be the proximate cause of the blistering and leaking conditions on the roof.

(h) Specific facts of commission or omission constituting breach.

(i) The specific nature and description of defective materials supplied by Sutter and whether Sutter caused the installation of materials not called for by the contract.

lengthy objections to the specificity of the amended complaint and conclude as follows.

GSA must allege facts establishing *breach* by Sutter and that said *breach caused* the blistering and leakage which necessitated this complaint. GSA has merely alleged that it had a contract with Sutter, and notwithstanding warranties made by Sutter in that contract, Sutter has refused to make repairs to presently defective areas of the roof. More specifically, the complaint is totally devoid of specific allegations of defects in materials and/or workmanship which might be attributable to Sutter, and as such, impairs Sutter from preparing any semblance of a defense. Sutter should be presented with facts which would show whether acts of commission or omission caused damage to the structure. They should know what materials and/or methods of construction used contributed to the present defects. Sutter should be apprised of the times when GSA notified Sutter of the defects and when it learned of the defects. *See generally General State Authority v. John McShain, Inc., and Lawrie and Green,* 24 Pa. Commonwealth Ct. 407,      A.2d (1976). Also included in the allegations should be averments relating to the nature of the required repairs. And

---

(j) The specific nature of alleged defective workmanship.

(k) Date of notification to Sutter of alleged defective material aand workmanship.

(l) The specific nature of repairs and corrective action to be undertaken by Sutter.

(m) An itemization of cost of repairs and the basis of this cost figure.

It should be noted that Plaintiff's request for specificity as to damages is not characterized by a preliminary objection filed pursuant to Pa. R.C.P. No. 1019(f) (special damage objection) wherein the objection goes to lump sum versus specifying special damages. *See General State Authority v. John McShain, Inc. and Lawrie and Green,* 24 Pa. Commonwealth Ct. 407,      A.2d      (1967). Rather, the objection, as pleaded, requests a Rule 1019(a) scrutiny of the material facts underlying the damage demand. *See Baker v. Rangos, supra,* 229 Pa. Superior Ct. at 349-50, 324 A.2d at 505-06.

finally, Sutter is entitled to a cost breakdown of the $200,000.00 demand for relief and the material facts which support those costs. A simple lump sum demand, unsupported by facts which contribute to its computation, in no way enables Sutter to prepare a damages defense, and a defense relating to amount of damages is as important, and often more important, than one relating to liability. A defendant must know the basis and extent of liability which could be imposed. To hold otherwith would unjustifiably erode the Rules' requirements of specificity.

In summary, a review of this complaint reveals that GSA and Sutter had a contract whereby mutual warranties and promises were exchanged and that a defective condition has now arisen in the subject matter of that contract which Sutter has refused to remedy. Simply stated, Sutter is entitled to know what the exact defects are in order to know whether, and to what extent, it may be legally responsible.

■ The final objection, raised by way of general demurrer, is that GSA has failed to state a cause of action because it failed to state facts supportive of breach and causation. Although this complaint borders on failing to state a cause of action, we believe that GSA should have the opportunity to amend with respect to specificity, thereby conserving both Court and litigants time and energy. The present gaps in this complaint are substantial, but not so substantial as to warrant the foreclosing of litigation at the present time. As such, we cannot grant Sutter's general demurrer.

## CERTAIN-TEED'S PRELIMINARY OBJECTIONS

Certain-Teed has filed preliminary objections in the nature of a demurrer and a motion for more specific pleading. Since each of these general objections in reality contains sub-arguments, we shall address each issue raised individually.

1. Certain-Teed has demurred to GSA's amended complaint on the basis that our Court lacks jurisdiction of this action since the contract of April 28, 1969, provides that questions and disputes arising under the contract: "shall be referred to the Board of Arbitration of Claims pursuant to the Act No. 193, approved May 20, 1937, P.L. 728, 72 P.S. §4651."[8]

The law has always encouraged parties to agree to terms which might limit litigation, or in the event of litigation, direct the proceedings to the proper forum. But, it is equally well settled that no matter how firm the agreement attempting to confer jurisdiction in an administrative or judicial body, the parties may not confer jurisdiction over the subject matter of a dispute if the agreement contravenes the express intent of the legislature.[9]

Here, we have a classic example of an attempt to confer jurisdiction in the Board of Arbitration of Claims when that Board has not been given legislative direction to dispose of this kind of proceeding. The Act of May 20, 1937, P.L. 728, No. 193, *as amended,* 72 P.S. §4651-1 et

---

8. Paragraph 10 of the contract states:

"All questions or disputes respecting any matter pertaining to this contract or any part thereof, or any breach of said contract, shall be referred to the Board of Arbitration of Claims created by Act No. 193 approved May 20, 1937, P.L. 728, 72 P.S. §4651, its supplements and amendments in the manner and under the terms and conditions as provided therein."

9. Our Supreme Court has held that parties cannot by consent or by failure to object confer jurisdiction over the subject matter of a dispute to the Board of Arbitration of Claims absent statutory authority conferring jurisdiction. *See Adam Eidemiller, Inc. v. Commonwealth Department of Highway,* 408 Pa. 195, 182 A. 2d 911 (1962) ; *Bluestone v. DeRoy,* 298 Pa. 267, 148 A. 110 (1929). Although *Eidemiller* was decided under the factual posture whereby a Commonwealth Authority was not the moving party, the general principle of inability of parties to confer jurisdiction by agreement was equally applicable.

seq., establishes the Board of Arbitration of Claims. Section 1 of that Act, 72 P.S. §4651-1, states in relevant part: "There is hereby created a departmental administrative board in the Department of the Auditor General, known as the Board of Arbitration of Claims, the duty of which shall be to arbitrate claims *against* the Commonwealth arising from contracts entered into by the Commonwealth." (Emphasis added.) [10]

A review of the Act shows that there is simply no provision for jurisdiction in the Board where the Commonwealth is the moving party. Rather, Section 401 of the Appellate Court Jurisdiction Act of 1970 (ACJA), Act of July 31, 1970, P.L. 673, *as amended,* 17 P.S. §211.401, confers jurisdiction in this Court as follows:

"(a)   The Commonwealth Court shall have original jurisdiction of:

.   .   .   .

(2)   All civil actions or proceedings *by* the Commonwealth or any officer thereof, acting in his official capacity . . . ." (Emphasis added.)

Section 102 of ACJA, 17 P.S. §211.102, defines Commonwealth as including, *inter alia,* "authorities," and there can be little doubt that GSA is an authority within the contemplation of Section 102.

Therefore, it is clear that notwithstanding contractual understandings to the contrary, this action is properly in this Court.

2.   Certain-Teed's second argument in support of its demurrer is that GSA is limited in amount and terms to its Bond Certificate coverage of $5,196.00. As we understand this argument, Certain-Teed is not contending that GSA has not stated a cause of action, but merely that the cause of action visits liability only to the extent of $5,196.00.

---

10.   Section 4 of that Act, 72 P.S. §4651-4, repeats the jurisdictional mandate of the Board as being only in cases brought *against* the Commonwealth.

It is not the function of a demurrer to initially test the limits of liability, but rather to test at an early stage the legal sufficiency of the pleadings in order to determine if plaintiff has stated a cause of action. Certain-Teed's demurrer must therefore fall.

3. Finally, Certain-Teed asks for a more specific pleading of the nature of repairs necessary to restore the roof, and the time when demand was made of Certain-Teed to remedy the alleged defects. As we said in disposing of Sutter's objection, the complaint is deficient in this regard and GSA must allege with greater specificity the nature of defects and the time when demand was made so that Certain-Teed may prepare its answer and further defense.

In light of the foregoing, we

## ORDER

AND Now, this 26th day of April, 1976, it is hereby ordered that:

1. Sutter Corporation's preliminary objections with regard to Pa. R.C.P. No. 1022, Pa. R.C.P. No. 1019(a) and Pa. R.C.P. No. 2229(b) are dismissed.

2. Sutter Corporation's motion for a more specific pleading to the General State Authority's amended complaint is hereby sustained to the extent that General State Authority must allege material facts establishing a breach of contract and the consequent causation as against Sutter; the nature of defects in materials and workmanship; the times when General State Authority discovered the defects, informed Sutter of those defects and requested repair; the nature of corrective steps necessary to repair the damage to the roof of the building, and a further delineation of damages beyond the lump sum averment presently contained in the complaint.

3. Sutter Corporation's demurrer is hereby dismissed.

4. Certain-Teed Products Corporation's demurrer is hereby dismissed.

5. Certain-Teed Products Corporation's motion for a more specific pleading is hereby granted and General State Authority is directed to file a more specific complaint alleging the nature of the repairs to be made and the time or times when demand was made of Certain-Teed to remedy the damage to the roof.