## Anderson v. Nye

*Richard J. Roberts, Jr.*, for plaintiffs.
*Myron M. Moskowitz*, for defendants.

RANCK, *J.*, February 20, 1979—We have before us defendant's preliminary objections to the complaint in assumpsit filed by plaintiffs. The objections are in the nature of a motion for a more specific pleading.

Plaintiffs allege in their complaint that they entered into two separate contracts with Nye & Kolody Contractors. Defendant, Paul L. Nye, Jr., is a partner in Nye & Kolody. The complaint states that under the first contract defendant agreed to construct a "new modern bathroom" for plaintiffs at a total cost of $2,320. The second contract entailed the remodeling of plaintiffs' living room for a price of $3,641. Plaintiffs allege that work done under each contract was performed in a poor, improper and unworkmanlike manner. The complaint contains a list of items on which the defective work was done under each contract. It is also claimed that defendant, in the course of remodeling the living room, caused the walls of the bedroom to crack and has left the basement ceiling dismantled.

## DISCUSSION

Pa.R.C.P. 1019(a) directs that "[t]he material facts on which a cause of action . . . is based shall be stated in a concise and summary form." The purpose of 1019(a) is to require the pleader to disclose the "material facts" sufficient to enable the adverse party to prepare his case: Landau v. Western Pennsylvania National Bank, 445 Pa. 217, 225, 282 A. 2d 335 (1971); The General State Authority v. Sutter Corporation, 24 Pa. Commonwealth Ct. 391, 356 A. 2d 377, 381 (1976). A pleading will fulfill this purpose if: (1) it " 'contains averments of all of the facts Plaintiff will eventually have to prove in order to recover . . . and (2) [if it] is sufficiently specific so as to enable Defendant to prepare his defense.' " The General State Authority v. Lawrie and Green, 24 Pa. Commonwealth Ct. 407, 411, 412, 356 A. 2d 851 (1976); Sutter Corporation, supra, at 395, 396; Baker v. Rangos, 229 Pa. Superior Ct. 333, 350, 324 A. 2d 498 (1974).

Paragraph 1 of defendant's preliminary objections asserts that plaintiffs' complaint violates Pa.R.C.P. 1019(a) in that it fails to set forth the quantity and type of materials defendant was to use, the extent of the poor work performed by him, the damage done to the basement ceiling, and exactly what was the poor, improper work allegedly performed by him. Since the standards for pleading in Rule 1019(a) are incapable of precise measurement, we have broad discretion in determining the "amount of detail" that must be averred: United Refrigerator Co. v. Applebaum, 410 Pa. 210, 189 A. 2d 253 (1963). Nevertheless, we believe the opinions of other courts can offer us guidance in reaching a decision. Butchko v. Urmson, 65 D. & C. 2d 395 (1973), is a case very similar to the

present one. In Butchko, plaintiffs brought an action against the architectural firm which designed, and the general contractor who built their house. Damages were requested for both a leaky roof and resulting damage to the house. Defendants filed preliminary objections in the nature of a motion for a more specific pleading asserting that a specific allegation was required as to exactly what the defective design and work was. The court denied defendants' motion reasoning that "since the architects designed the roof and defendant, Friestad, constructed it, it is fairly obvious that these parties should be aware of what the problem is without plaintiffs being required to tell them." Butchko, supra, at 396. This rationale, that motions must be denied if the questions raised by defendant involve facts of which he would have equal or superior knowledge to that of plaintiff, has been followed by this court as well as others. See O'Brien v. Brown, 50 Northumb. 163 (1978); Hock v. L. B. Smith, Inc., 69 D. & C. 2d 420, 423 (1974).

It should also be noted that the long-standing policy of this court has been that "we should not delay the litigation by requiring amended pleadings when it is doubtful what is sought is basic fact or evidence. Rather we should remand the defendants to discovery proceedings when the specific items of damage which plaintiff seeks to recover are pointed out in his pleading . . ." Fort Augusta Construction, Inc. v. Tamecki, 45 Northumb. 91, 93 (1973), citing General Acceptance Corp. v. Wilson, 40 Northumb. 54, 57 (1967).

In view of the above considerations, we feel there is no merit to the contentions of paragraph 1 of defendant's preliminary objections.

Paragraph 2 of the preliminary objections deals with the estimate, entitled Exhibit "B", contained

in plaintiffs' complaint. It is maintained that this estimate fails to comply with Pa.R.C.P. 1019(a) and (f).[1] Defendant contends the estimate is inadequate because the type and quantity of the materials to be used is not stated, and the extent of the poor work allegedly performed by defendant, as well as certain terms and expenses contained in the estimate, are not explained.

Though the general rules stated above to determine the sufficiency of a pleading are equally applicable in scrutinizing an estimate incorporated into a complaint, courts have often laid down further guidelines. John Goffredo & Sons, Inc. v. S.M.G. Corp., 61 D. & C. 2d 667, 669, 670 (1973), set out the requisites for an acceptable estimate as being "a statement of who made the estimate, when it was made, what materials are to be used, what work is to be performed, and the cost of the labor to perform the work." Upon examination of Exhibit "B" we find that it contains all of the above items with the exception of the specific materials to be used. However, not all courts have been as stringent in their requirements as the court in Goffredo. Plaintiff's complaint in Racketa v. Gustave Paul, Inc., 24 D. & C. 2d 398 (1961), merely set forth in its estimate the work to be done and the total price of the job. After noting that the repairs in question had not yet been made, the court concluded that:

"In such a situation, it would, we think, be unreasonable to require plaintiff to furnish defendant a breakdown of the estimate of the costs of the various items that make up the whole repair pob. [sic] It is sufficient for plaintiff to list the items of work to

---

1. Pa.R.C.P. 1019(f) states that "items of special damage shall be specifically stated."

be done and to apprise defendant of the estimated cost of the whole repair job." Racketa, supra, at 400.

Viewed in light of these cases, as well as the general guidelines and policies enunciated earlier, we are of the opinion that Exhibit "B" of plaintiffs' complaint satisfies Pa.R.C.P. 1019(a) and (f).

Finally, defendant argues that plaintiffs' complaint is defective in that it fails to set forth what sum or sums, if any, plaintiffs paid defendant or whether plaintiffs complied with and fulfilled the terms of the contracts. In bringing an action on a contract a plaintiff "must show that the defendant came under a contractual duty, that it became immediately performable by the fulfillment of all conditions precedent, and that it was not performed." 5A Corbin on Contracts §1228, 506. The need to allege the fulfillment of all conditions precedent is not absolute. Only if the agreement describes some conditions precedent will it be the duty of plaintiff to allege their performance: Gsell v. Gsell, 2 Adams 147 (1960). Upon perusal of the two agreements here in question, Exhibits "A" and "C" of plaintiffs' complaint, we see that there are such conditions precedent in each instance. Each states that plaintiff is to pay one-half the total contract price before work is begun, one-quarter when half-way finished, and the final one-quarter upon completion. The complaint contains no allegations of any payments made by plaintiffs. It would have been sufficient under Pa.R.C.P. 1019(c) for plaintiffs "to aver generally that all conditions precedent have been performed or have occurred." Since this too was not done by plaintiffs, we must sustain defendant's preliminary objections as to this point.

We, therefore, enter the following

## ORDER

And now, February 20, 1979, after due consideration of the written arguments of counsel, it is ordered and directed that defendants' preliminary objections be, and the same are hereby denied, with the exception of paragraphs no. 3 and 4, which are granted to the extent set forth in this opinion.

Plaintiff shall have 20 days from the filing of this order to file an amended complaint.