## Masi v. Pfahles

*Philip E. Morris* and *Morris & McKim*, for plaintiff.
*Gilbert E. Long*, for defendant.

POWERS, J., July 29, 1960.—This is an action in assumpsit to recover damages for breach of contract. In May of 1952, plaintiff and defendant entered into an oral contract whereby defendant agreed to construct a building for plaintiff in accordance with architect's plans and specifications supplied by plaintiff. The work was completed and payment made on or about June 22, 1952.

In March of 1959, the sewer on property adjoining plaintiff's building became clogged with refuse from plaintiff's poultry business which he conducted in the building erected for him by defendant.

Investigation revealed that the cause of the clogging was that defendant had connected the sewer from the building to the sewer of the neighbor rather than to the main sewer in the street as was called for in the specifications. In so doing, defendant constructed a sewer approximately 10 feet in length rather than the 80-foot long sewer called for by the specifications.

Plaintiff filed his complaint in assumpsit and defendant countered with preliminary objections requesting more specific pleading. Plaintiff then filed an amended complaint, and defendant in his answer asserted as new matter his defense that the statute of limitations bars this suit by plaintiff.

The Act of March 27, 1713, 1 Sm. L. 76, sec. 1, 12 PS §31, requires that all actions on a contract not a specialty must be brought within six years. This has been interpreted by our courts to mean that the action must be brought within six years of the time when the action could first have been asserted.

Plaintiff relies on the fact that the sewer was underground and, once it was buried, he could not discover the breach until the "sewer spewed forth its collection of chicken feathers, entrails and other refuse incident to the chicken business." He argues that since this discovery was made in March of 1959, the statute of limitations began to run as of that date and his action, commenced on June 11, 1959, was brought well within the statutory period.

Defendant argues that the statute of limitations began to run as of the date of the completion of the work and final payment to him by plaintiff. Under this view, the statutory period for bringing this action would have expired on June 22, 1958. Since suit was

instituted on June 11, 1959, the action would be barred by the statute of limitations.

In Scranton Gas & Water Co. v. Iron & Coal Co., 167 Pa. 136, quoted with approval in Ayers v. Morgan, 397 Pa. 282, the Supreme Court said:

"The question in any given case is not what did the plaintiff know of the injury done him, but what might he have known by the use of the means of information within his reach with the vigilance the law requires of him? . . . When knowledge is impossible because of the laws of nature, or because of the actual fraud of the wrongdoer, the statute runs from the time of discovery."

Here, plaintiff had no means of discovering the breach of contract perpetrated by defendant short of watching defendant's every move during the construction of the building. Defendant dug a 10-foot trench, laid the sewer pipe and refilled the trench. All of this could have been done in a matter of a few hours. Once the trench was filled and the concrete floor poured, defendant's breach was sealed from the eyes of plaintiff.

Was plaintiff required to keep such close watch of defendant's actions as would have been required here? We think not.

Since plaintiff could not have reasonably discovered the breach until the clogging of his neighbor's sewer occurred, the period of the statute of limitations did not commence to run until the clogging occurred. This was, according to plaintiff's complaint, in March of 1959.

The action was, therefore, filed in time, and the following order is entered:

*Order of Court*

Now, July 29, 1960, the motion to say that the statute of limitations has run as a matter of law is refused.