## Allentown Ahead Fund, Inc. v. Kraynick

*K. Robert Conrad, Sally Akan,* and *Pepper, Hamilton & Sheetz,* for plaintiffs.

*Richard F. Stevens, Harold G. Nahban, Butz, Hudders & Tallman* and *Nabhan & Nabhan,* for defendants.

BACKENSTOE, J., July 9, 1974.—We have before us preliminary objections filed by defendants to complaints in assumpsit for funds allegedly due and owing by reason of charitable subscriptions made to plaintiff. The objections include a demurrer, a motion for more specific pleading, and motions to strike based on improper joinder and failure to conform to the Pennsylvania Rules of Civil Procedure.

With respect to April term, 1974, no. 390, in which plaintiff has sued Penn Aluminum Construction Company and Byron D. Wilkins, M.D., defendant Wilkins contends that plaintiff violated the rules of procedure in that it has failed to plead against each defendant by separate count. Subsequent to the filing of these pre-

liminary objections, the action against the Penn Aluminum Construction Company was discontinued after notice to all concerned by order of this court. As a consequence, whatever the merits of this objection, it has been rendered moot because in this case the only remaining defendant is Dr. Wilkins and, accordingly, the motion to strike on this basis is denied.

This is not the situation in January term, 1974, no. 706, which involves some 24 defendants. Here, it is clear from the complaint itself that plaintiff is not suing defendants on a single cause of action or on any theory of joint liability, but rather on separate and individual contracts. Accordingly, plaintiff has violated Pennsylvania Rule of Civil Procedure 1020(a) which provides:

"(a) The plaintiff may state in the complaint two or more causes of action triable in the same county which arise from contract or are quasicontractual. Each cause of action and any special damage related thereto shall be stated in a separate count containing a demand for relief."

As noted by the authorities, "The requirement that the plaintiff set forth each cause of action against each defendant in a separate count under a separate heading is mandatory, and the complaint will be stricken for failure to comply with this requirement": 2A Anderson Pa. Civ. Prac. §1020.4, and cases cited therein. While there are some cases where the courts have not required a strict compliance with Pa. R. C. P. 1020,[1] we think in the instant situation we must do so in view of the numerous defendants as well as the fact that the various contracts sued upon are by no means identical.

---

[1] See, for example, Johnston v. Shapp, 57 D. & C. 2d 753, 95 Dauph. 76.

We also believe that defendants are entitled to a more specific pleading. In this connection, plaintiff concedes that a paragraph was inadvertently omitted from its amended complaint.[2] Since an amended pleading will have to be filed in any event, it is not necessary to consider plaintiff's contentions that notwithstanding this omission, the complaint, nevertheless, contains all essential averments.

Twenty-one of the defendants also object to their being joined as parties defendants by virtue of plaintiff's filing an amended complaint. We find no fault with this joinder where, as here, the defendants are unable to show any harm or prejudice by reason of the procedure followed. Pennsylvania Rule of Civil Procedure 2229(b) provides: "A plaintiff may join as defendants persons against whom he asserts any right to relief jointly, severally, separately or in the alternative, in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences if any common question of law or fact affecting the liabilities of all such persons will arise in the action." Here, the fundamental legal issue is the same with respect to each defendant, that is, the enforceability of charitable subscriptions made to the same plaintiff for the same purpose at about the same time. In Leaseway System v. Short-Log Cabin Company, 82 York 202, the court held that a plaintiff may join a second defendant to a suit by an amended complaint, the same being a proceeding under Rule 2229(b) and it is not a joinder of an additional defendant under Rule 2252(a). Further, as we have already noted, we fail to see as a practical matter any merit in defend-

---

[2] The omitted paragraph alleges in substance that defendant agreed in writing at various times in 1968 to pay plaintiff certain sums for the purpose of the construction and improvements of hospital facilities in Allentown, Pa.

ants' contentions that they have in some way been prejudiced. There is no issue in these cases with respect to the statute of limitations. It is admitted that plaintiff could have sued all these defendants individually in its original complaint. Nor is it disputed that plaintiff could, if it chose, file separate and independent actions against each of the defendants.

Further, since Pa. R.C.P. 1028(c) permits a party plaintiff to amend a pleading as a matter of right when objections have been made, we would agree with plaintiff in its contention that by joining the additional parties defendant as it did, it is, in fact, expediting litigation of closely related claims, preventing multiple suits, and promoting trial convenience. We also note that under Rule 1010(b) a new party defendant may be named in a reissued writ or reinstated complaint. Thus, since plaintiff could have added defendants by reinstating the complaint, we fail to see any prohibition in accomplishing the same end by an amended complaint where, as here, such amendment was proper. See Goodrich-Amram §1010(b)-2.

Finally, defendants' demurrer cannot be sustained. As noted by the authorities, a subscription is not a gift but it is a promise to contribute money or property generally for a charitable purpose. If the promise is valid and sufficient, if it is accepted, and if this is supported by consideration, a binding contract is made. See, generally, 35 P. L. Encyc. 322, §1, et seq. The requisite consideration may consist of similar promises of others or of acts done by the promisee in reliance on the promise: Presbyterian Board of Foreign Missions v. Smith, 209 Pa. 361, 58 Atl. 689 (1904). Here, plaintiff alleges that defendants, at various times, agreed to pay plaintiff specified sums for the purpose of construction and improvements of hospital facilities; that in reliance upon this subscription of defendants, plaintiff has expended funds for the pur-

pose set forth in the subscription; and that despite due notice and demand, defendants have failed and continue to fail to pay the sums they owe to plaintiff. It is, of course, fundamental that a demurrer is granted only in clear cases where the law may say, with certainty, no recovery is possible: Hoffman v. Misericordia Hospital, 439 Pa. 501, 267 A. 2d 867 (1970). On the record before us, we are not prepared to say that this is such a case and, accordingly, the demurrer must be overruled. In conclusion, we would note that many of the issues raised by defendants in their arguments on the demurrer are more properly before the court as affirmative defenses.

In view of the foregoing, we enter the following

### ORDER

And now, July 9, 1974, the preliminary objections filed in April term, 1974, no. 390, are dismissed and defendant is directed to file an answer on the merits within 20 days of the service of this order upon his counsel.

In January term, 1974, no. 706, defendants' demurrer is overruled; defendants' motion to strike is granted and the complaint is dismissed unless plaintiff shall, within 20 days of the service of this order upon counsel, file a second amended complaint in accordance with this opinion.