The General State Authority, Plaintiff *v.* Lawrie and Green and John McShain, Inc., a Delaware Corporation, Defendants.

Argued January 6, 1976, before President Judge. BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*John L. Sweezy,* Assistant Attorney General, with him *Richard D. Holahan,* Assistant Attorney General and *Michael A. Madar,* Chief Counsel, for plaintiff.

*Luther E. Milpower, Jr.,* with him *Edward C. First, Jr.,* and *McNees, Wallace & Nurick,* for defendant, Lawrie and Green.

*James K. Thomas,* with him *Metzger, Hafer, Keefer, Thomas and Wood,* for defendant, John McShain, Inc.

OPINION BY JUDGE CRUMLISH, JR., April 26, 1976:

Preliminary objections of Defendants, Lawrie and Green and John McShain, Inc., have been filed to Plaintiff, General State Authority's complaint in assumpsit which seeks damages in connection with an alleged breach of contract in the construction of the William Penn Memorial Museum.

Briefly summarizing the respective objections of each Defendant, the following issues emerge with respect to the various specificity and compliance with rule of Court objections:

■ Has Plaintiff stated a cause of action as to each Defendant in a separate count pursuant to Pa.R.C.P. No. 1020(a)?

■ Has Plaintiff, in failing to incorporate copies of plans, specifications, bids, and shop drawings, violated Pa.R.C.P. No. 1019(h) with regard to McShain?

■ Has Plaintiff met the strictures of Pa.R.C.P. No. 1019(a)?

■ Is the statute of limitations to be considered in assessing the specificity of the complaint, *i.e.*, must Plaintiff plead the date of final acceptance of the building, the dates of the first appearance of all alleged defects, commencement dates of construction and dates on which the initial reports of defects were received?

■ Has Plaintiff pleaded with requisite specificity the defects allegedly caused by Lawrie and Green?

■ Has Plaintiff pleaded special damages with sufficient specificity?

■ Did Plaintiff fail to meet the requirements of Pa. R.C.P. No. 1019(h) with regard to Lawrie and Green by failing to attach a complete copy of the construction contract to the complaint?

### McShain's Preliminary Objections

In response to McShain's initial preliminary objection that Plaintiff has not stated its individual causes of action against the two Defendants in a separate count, demanding separate relief in violation of Pa. R.C.P. No. 1020(a), we hold that, at least as to Defendant McShain, this complaint is indeed defective.

Our review of the complaint as pleaded reveals that Plaintiff's initial count is in assumpsit with averments five through thirteen alleging facts supportive of breach by Lawrie and Green of their contract with Plaintiff, while averments fourteen through twenty concern Plaintiff's contract with McShain and alleged breaches thereof. Plaintiff's demand for relief which accompanies this count demands a judgment against *both* Defendants in the amount of $325,000.00, together with such additional damages as Plaintiff may suffer.

Plaintiff cites to us authority to the effect that where a single cause of action is pleaded against two or more defendants jointly and severally, no separate counts will be required.[1] However, authority which more closely approximates the situation presently before us is cited by McShain; *Allentown Ahead Fund v. Kraynick*, 65 Pa. D. & C. 2d 611, 612 (1974), wherein the court stated:

"Here is it clear from the complaint itself that plaintiff is not suing defendants on a single cause of action or on any theory of joint liability, but rather on separate and individual contracts. Accordingly, plaintiff has violated Pennsylvania Rule of Civil Procedure 1020(a) which provides:

" '(a) The plaintiff may state in the complaint two or more causes of action triable in the same county which arise from contract or are quasicontractual. Each cause of action and any special damage related thereto shall be stated in a separate count containing a demand for relief.'

"As noted by the authorities, 'The requirement that the plaintiff set forth each cause of action against each defendant in a separate count under a separate heading is mandatory, and the complaint will be stricken for failure to comply with this requirement': 2A Anderson Pa. Civ. Prac. §1020.4, and cases cited therein. While there are some cases where the courts have not required a strict compliance with Pa. R.C.P. 1020, we think in the instant situation we must do so in view of the numerous defendants as well as the fact that the various contracts sued upon are by no means identical."

Here, Plaintiff's averments make it clear that although the form of action may well be identical against both

---

1. The authority cited is *Weiss v. King's College*, 64 Luz. Reg. Rep. 171 (1974); *Kassab v. Indyk Brothers Construction Company*, 113 Pitts. L.J. 558 (1965).

Defendants, it relies upon two separate and distinct contracts giving rise to the respective causes of action. As Pa. R.C.P. No. 1020(a) is mandatory, we must sustain the objection. However, a review of the case law decided under this rule shows that although the rule is strictly construed, amendment to the complaint is sanctioned, and as such, we shall direct Plaintiff to amend to state a separate cause of action, in separate counts, with respect to each Defendant.

Second, McShain objects to Plaintiff's failure to exhibit in the complaint the relevant copies of plans, specifications, bids, shop drawings, etc., relating to project number 946-1, phases V, VI and VII, upon which Plaintiff's cause of action is based in violation of Pa. R.C.P. No. 1019(h) which requires writings to be incorporated in the complaint when the cause is based on writings.

A review of paragraph twenty of the amended complaint shows that these documents are necessary for the preparation of McShain's defense. It is in this paragraph that Plaintiff avers that it has incurred expenses over and above sums previously mentioned in the complaint for repair and corrective work to the museum. The expenses amount to $124,995.59 and relate to the three phases of project number 946-1 which is in dispute. Certainly, McShain should be entitled to have appended to the complaint those documents which form the basis of this demand.

Next, McShain frames a Pa. R.C.P. No. 1019(a) objection. In *General State Authority v. The Sutter Corporation and Certain-Teed Products Corporation*, 24 Pa. Commonwealth Ct. 391, A. 2d (1976), we reviewed the parameters of this rule and concluded that "allegations will withstand a challenge under 1019(a) if (1) they contain averments of all of the facts Plaintiff will eventually have to prove in order to recover . . .

and (2) they are sufficiently specific so as to enable Defendant to prepare his defense."[2]

McShain apparently contends that the following facts, not plead, are either vital to a recovery by Plaintiff or are crucial to the preparation of its defense. These objections go to the sufficiency of pleading the breaches of McShain, the duties, promises and warranties assumed, and the nature of the defective and unworkmanlike effort by McShain.

We have carefully reviewed paragraphs thirteen, sixteen, seventeen, eighteen and nineteen of the amended complaint in light of these preliminary objections and conclude that Plaintiff had pleaded facts upon which a recovery may be based and which will enable McShain to prepare its defense. In the area of construction contracts where pleading of breach, etc., can be most complex, it is often difficult to determine the extent of pleading necessary to meet a 1019(a) challenge. Yet, it is not the function of the complaint to be an all inclusive narrative of events underlying the claim. A plaintiff need only plead those material facts necessary to sustain a recovery which at the same time enables a defendant to defend.

McShain will have the opportunity for discovery to broaden its understanding of the issues prior to trial, and this fact, coupled with the present state of the amended complaint, leads us to conclude that the 1019(a) objection must be dismissed.

Lastly, McShain objects to the lump sum recitation of damages incurred and of lumping of costs necessary for rectification of the alleged defects. The short of it is that our review of this amended complaint shows a clear violation of Pa. R.C.P. 1019(f) which mandates that special

2. *See Commonwealth Environmental Pollution Strike Force v. Jeanette*, 9 Pa. Commonwealth Ct. 306, 305 A. 2d 774 (1973); *Baker v. Rangos*, 229 Pa. Superior Ct. 333, 324 A. 2d 498 (1974); *D'Antona v. Hampton Grinding Wheel Co.*, 225 Pa. Superior Ct. 120, 310 A. 2d 307 (1973).

damages be specifically pleaded. Plaintiff will be directed to amend to reflect with greater specificity the damages incurred as a result of the alleged breaches by McShain.

## Lawrie and Green's Preliminary Objections

Addressing the specificity argument with respect to whether or not Plaintiff must plead dates of acceptance of the building, discovery of defects, etc., to enable Defendant to know if the statute of limitations is available as a defense, we find that they indeed are required by Pa. R.C.P. No. 1019(f) which states: "[a]verments of *time*, place and items of special damage shall be specifically stated."[3] (Emphasis added.) Plaintiff maintains that Defendant's argument is more properly advanced pursuant to Pa. R.C.P. No. 1017(b)(4) by way of demurrer, and more particularly, that a request for a more specific pleading is not the proper procedural device to test the specificity of times averred. We must disagree.

Most recently, Judge SPAETH of the Superior Court extensively reviewed this rule and its application in *Baker v. Rangos, supra,* where he wrote:

"In every instance the allegation of time when a cause of action accrued must be sufficiently specific to enable the defendant to plead the statute of limitations if it is applicable." *Baker v. Rangos,* 229 Pa. Superior Ct. at 358, 324 A. 2d at 509-10.

In *Baker,* the Court was concerned with the pleading of the last acts taken pursuant to a conspiracy enabling the defendant to know if the statute of limitations barred the action. Since the statute of limitations does not begin to run in a conspiracy case until the last act of conspiracy, the Court reasoned that sufficient facts relating to that time had been pleaded and the strictures of Pa. R.C.P. No. 1019(f) had been met.

---

3. *See, e.g., Fillinger v. Donegal Mutual Insurance Co.,* 56 Lanc. L. Rev. 387 (1959).

Applying these considerations to the instant case, we say that, as a general rule, a statute of limitations begins to run when plaintiff's cause of action accrues, and in the area of construction contracts where building acceptance in no way gives rise to an immediate cause of action for as yet non-defective or latently defective portions of the building, the statute begins to run when plaintiff through the exercise of due diligence might reasonably have known of the defect.[4]

Plaintiff's complaint essentially avers a continuing breach of contract by both Defendants which continues to the present and which breach culminated in a serious collapse of a portion of exterior stone of the Museum on June 6, 1972. Defendant seeks to have Plaintiff plead the dates of first appearance of exterior stone irregularities, dates of initial reports of irregularities, etc., all of which, if available, would tend to establish when Plaintiff first had knowledge of possible defects. These facts would give Defendants some idea of whether a limitation of action defense were indeed available. Further, with respect to the request for dates of formal acceptance of the building and related dates which would establish the time frame for the commencement of the contractual one-year maintenance warranty period, we hold that Pa. R.C.P. No. 1019(f) requires these dates be pleaded.

Also relating to the statute of limitations issue raised by Defendant's objections is the question briefed by the parties of the impact of *Commonwealth v. Musser Forests, Inc.,* 394 Pa. 205, 146 A. 2d 714 (1958) wherein it was held that a statute of limitations will not run against the Commonwealth on the theory *nullum tempus occurit regi.* It is clear that this issue is not properly before us since the preliminary objections do not attempt to reach the

---

4. *See generally Robert E. Lamb, Inc. v. Delaware Pipe Fabricators, Inc.,* 42 Pa. D.&C. 2d 461 (1967); *Masi v. Pfahles,* 23 Pa. D. & C. 2d 46 (1960).

question. If in future, Defendant should file answer and new matter raising the affirmative defense of limitation, then Plaintiff's reply would focus on *Musser Forest,* but until that time, we are in no position to determine whether Plaintiff enjoys the same protections of limitation as did the plaintiff in *Musser Forest.*

Secondly, we have carefully reviewed Lawrie and Green's objection with regard to the specificity of Plaintiff's amended complaint dealing with alleged defects in construction.[5] The facts pleaded therein are sufficiently specific to inform Lawrie and Green of Plaintiff's complaints of the engineering principles used in limestone installation and related defects. It has never been the function of a complaint in Pennsylvania practice, which demands fact pleading, to reveal to defendant every underlying fact upon which an action may be based. The complaint must set forth material facts which establish a cause of action and which enable the defendant to know the nature of his alleged wrongdoing so that he may prepare a defense. Measured by this standard, Lawrie and Green cannot validly object to the specificity of defects alleged in the instant complaint.

Next, Defendant objects to the manner in which Plaintiff has pleaded its special damages. Clearly, Pa. R.C.P. No. 1019(f) requires that special damages be specifically pleaded and in examining relevant paragraphs in Plaintiff's complaint and the amendment thereto, we are satisfied that more specificity is required. Plaintiff's response to this request for specificity is that its lump sum approximations were as complete and as accurate as possible as of the date of filing of its amended complaint in light of the fact that no repairs had as yet been under-

---

5. Paragraphs five (5), nine (9), twelve (12), thirteen (13), and fourteen (14) of Lawrie and Green's preliminary objections attack the specificity of averments of defect contained in the amended complaint paragraphs ten (10), sixteen (16), and twenty (a-c) (20 a-c).

taken as of that date. However, Plaintiff candidly admits that the contractor undertaking these repairs has been paid monthly estimates against the contract price and that these repairs are now "nearing substantial completion." In these circumstances, Plaintiff must endeavor to, and Defendant as per the rules of court is entitled to, greater specificity than a lump sum recitation of special damages.[6]

And finally, Lawrie and Green have filed objections pursuant to Pa. R.C.P. No. 1019(h) which states, "[a] pleading shall state specifically whether any claim or defense set forth therein is based upon a writing. If so, the pleading shall attach a copy of the writing, or the material part thereof, but if the writing or copy is not accessible to him, it is sufficient so to state, together with the reason and set forth the substance in writing." The basis of this objection is that Plaintiff has failed to attach a complete copy of the construction contract to the complaint. Although this objection would no doubt be material if raised by McShain, as contractor and party to the construction contract, we fail to see its relevance in preparation of a defense by Lawrie and Green, the architects. The complaint avers failure in design on their part and in no way touches the construction contract with McShain. Further, although pleaded in the preliminary objections, Lawrie and Green have not briefed this issue and we are without even a hint as to their exact position on the 1019(h) issue. Therefore, we will not strike Plaintiff's complaint for failure to comply with Pa. R.C.P. No. 1019(h).

### ORDER

AND NOW, this 26th day of April, 1976, upon consideration of Defendants', John McShain, Inc., and Lawrie and Green, preliminary objections to Plaintiff's Amended Complaint, we order that

---

6. *See Bakery & Confectionary Workers Intern'l Union of America v. Local 464,* 84 Dauph. 301 (1966).

1.   John McShain, Inc.'s preliminary objection with respect to Plaintiff's failure to comply with Pa. R.C.P. 1020 (a) is hereby sustained, however, Plaintiff is granted leave to amend to state a separate cause of action, in separates counts, with respect to each Defendant.

2.   John McShain, Inc.'s preliminary objection with respect to failure to comply with Pa. R.C.P. 1019 (h) is hereby dismissed.

3.   John McShain, Inc.'s preliminary objection with respect to Plaintiff's failure to comply with Pa. R.C.P. No. 1019 (a) is hereby dismissed.

4.   John McShain, Inc.'s preliminary objection with respect to Plaintiff's failure to comply with Pa. R.C.P. No. 1019 (f) requiring the specific pleading of special damages is hereby sustained and Plaintiff is ordered to amend to reflect with greater specificity the damages incurred as a result of the alleged breaches by McShain.

5.   Plaintiff plead dates, pursuant to Pa. R.C.P. No. 1019 (f), of the initial times irregularities were discovered, dates of final acceptance of the building, and the date irregularities were first reported to Lawrie and Green.

6.   Plaintiff plead with more specificity damages incurred as a result of Lawrie and Green's alleged breaches as mandated by Pa. R.C.P. No. 1019 (f).

7.   Preliminary objections by Lawrie and Green to the amended complaint requesting specificity with respect to engineering defects and compliance with Pa. R.C.P. No. 1019 (h) are dismissed.