**Allen v. Johnson**

C.P. of Bradford County, no. 99CV000076.

*Michael S. Levin,* for plaintiffs.
*Raymond Ginn Jr., Darryl R. Wishard* and *Richard Gray,* for defendants.

MOTT, *J.,* June 25, 1999—The plaintiff, Elden Allen Sr., alleges that he was injured when he was a passenger

in a car driven by the defendant, Terry Sinsabaugh, and owned by the co-defendant, Beverly Sinsabaugh. According to Allen's complaint, Terry Sinsabaugh collided with a vehicle driven by the defendant, Richard L. Johnson. Allen's wife, the plaintiff, Margaret Allen, has filed a loss of consortium claim on her own behalf.

Johnson's preliminary objections are identical to a portion of the Sinsabaughs' preliminary objections. In those identical preliminary objections, it is asserted that several averments in the complaint do not have the factual specificity required by Pa.R.C.P. 1019(a). The disputed averments read as follows:

"(8) The negligence, recklessness, and carelessness of the defendants, consisted of, but is not limited to, the following:

"(a) failing to properly operate and control their vehicles; . . .

"(e) operating their motor vehicles without due regard for the health and safety of plaintiff;

"(f) failure to exercise due care under the circumstances;

"(g) violating the ordinances, statutes and regulations of the Commonwealth of Pennsylvania with respect to the proper operation of motor vehicles on public thoroughfares;

"(h) in being otherwise careless, reckless and negligent in fact and at law; and

"(i) such other negligence as may well be discovered during the pendency of this case." Plaintiffs' complaint, paragraph 8.

We find that the objections to the above averments are well-founded. The averments are vague, conclusory, and mere boilerplate. They give the defendant no notice as to what must be defended against. Accordingly, the preliminary objections to them will be sustained.

The Sinsabaughs have also made a preliminary objection in the nature of a demurrer to subparagraphs (a), (c), (d), and (e) of paragraph nine of the complaint. Those averments read as follows:

"(9) Furthermore, the negligence and carelessness of defendant, Beverly [Sinsabaugh], through the actions of defendant, Terry [Sinsabaugh,] consisted of, but is not limited to, the following:

"(a) [failing] to ascertain that defendant, Terry [Sinsabaugh], could safely operate a motor vehicle before entrusting said motor vehicle to defendant, Terry [Sinsabaugh]; . . .

"(c) otherwise entrusting said motor vehicle to defendant, Terry [Sinsabaugh] in a negligent, reckless and careless manner under the circumstances without due regard for plaintiff;

"(d) in being otherwise negligent, reckless and careless in fact and as a matter of law; and

"(e) such other negligence and carelessness as may well be discovered during the pendency of this case." Plaintiffs' complaint, paragraph 9.

In determining whether to grant a demurrer,[1] we must: "resolve the issues solely on the basis of the pleadings; no testimony or other evidence outside of the complaint

---

1. A demurrer is raised pursuant to Pa.R.C.P. 1028(a)(4).

may be considered to dispose of the legal issues presented by the demurrer. In order to sustain a demurrer, it is essential that the face of the complaint indicate that its claims may not be sustained and that the law will not permit a recovery. . . . If there is any doubt, it should be resolved by the overruling of the demurrer." *Mellon Bank N.A. v. Fabinyi,* 437 Pa. Super. 559, 567-68, 650 A.2d 895, 899 (1994). (citations omitted)

Here, the Sinsabaughs assert that the contested averments fail because they are legally insufficient to support a claim of negligent entrustment against Beverly Sinsabaugh.

The tort of negligent entrustment exists when an actor permits another person to use a thing which is under the control of the actor, if that actor knows or should know that the other person intends or is likely to use the thing in such a manner as to create an unreasonable risk of harm to others. *Ferry v. Fisher,* 709 A.2d 399, 403 (Pa. Super. 1998). (citations omitted) Liability is imposed on the actor because of his own actions in relation to the instrumentality under his control. *Id.* (citing, *Christiansen v. Silfies,* 446 Pa. Super. 464, 472, 667 A.2d 396, 400 (1995)). Moreover, "[t]he entrustor's liability is not dependent on, derivative of, or imputed from the entrustee's actual liability for damages." *Id.*

It is clear from the above discussion that an action for negligent entrustment lies for the entrustor's negligence, not the entrustee's negligence. Here, the complaint alleges that Beverly Sinsabaugh was negligent *"through the actions of defendant, Terry [Sinsabaugh]."* Plaintiffs' complaint, paragraph 9. (emphasis added) Even if we

consider the averments without the "through the actions of Terry [Sinsabaugh]" language, the demurrer still must be sustained. Nothing in the objected-to averments supports a negligent entrustment theory, which depends on facts that establish the entrustor had knowledge, or should have had knowledge, of the risk caused to others by the entrustee's use of the instrumentality. Accordingly, the demurrers to subparagraphs (a), (c), (d), and (e) of paragraph 9 of the complaint will be sustained. As a result of the foregoing, the Sinsabaughs' preliminary objections that those same subparagraphs lack the specificity required by Pa.R.C.P. 1019(a), although also well-founded, are rendered moot.

The Sinsabaughs have filed another preliminary objection in which they request that the complaint be dismissed because it sets forth claims against all defendants without differentiating between individual defendants in separate counts. An examination of the complaint reveals that there are two counts to the complaint. Count I is captioned *"Elden Allen Sr. v. Defendants"* and it sounds generally in negligence. Count II is captioned *"Margaret Allen v. Defendants"* and it sets forth a loss of consortium claim. In support of their objection, the Sinsabaughs cite Pa.R.C.P. 1020, which requires that separate causes of action be pleaded in separate counts.

An analysis of this issue is illuminated by reference to the case of *General State Authority v. Lawrie and Green and John McShain Inc.,* 24 Pa. Commw. 407, 356 A.2d 851 (1976). In that case, preliminary objections were filed to the complaint by a co-defendant, John McShain Inc. In those preliminary objections, McShain argued that the

count of the complaint which asserted an assumpsit action failed to differentiate between the cause of action against him and the one against the other defendant. In fact, the court noted that half of the paragraphs of the disputed count detailed an alleged breach by McShain on its contract with the plaintiff, and the remaining paragraphs detailed the alleged breach by the other defendant on its separate contract with the plaintiff. In sustaining McShain's objection, the court noted that the "[p]laintiff's averments make it clear that although the form of action may well be identical against both [d]efendants, it relies upon two separate and distinct contracts giving rise to the respective causes of action." *Id.* at 410-11, 356 A.2d at 854.

Here, it is clear that the plaintiffs asserted causes of action against the defendants, Terry Sinsabaugh and Johnson, both sound in negligence. However, it is equally clear that those causes of action are separate and distinct from one another. The allegations are that each defendant was separately negligent in his own right. Certainly then, it would have been perfectly permissible for the plaintiffs to have filed two separate complaints to two separate docket numbers, one against each defendant. This illustrates that the negligence action against each of the defendants is, in fact, a separate cause of action, although both arise from the same accident. As to Beverly Sinsabaugh, the form of action alleged against her, negligent entrustment, is obviously separate from the causes of action alleged against Terry Sinsabaugh and Johnson.

In light of the above, it is clear that the complaint here is attempting to assert separate and distinct causes of

action against each defendant, yet they have not been stated separately in the complaint. Accordingly, the motion to dismiss the complaint will be granted.[2]

Accordingly, we enter the following:

### ORDER

And now, June 25, 1999, the preliminary objections to the complaint filed by the defendant, Richard Johnson, are sustained. The preliminary objections to the complaint filed by the defendants, Terry Sinsabaugh and Beverly Sinsabaugh, are sustained in part, and denied in part, as indicated in the opinion filed this date. The plaintiffs' preliminary objections to the defendants' preliminary objections are overruled. As a result, the complaint is dismissed.

The plaintiffs shall have 20 days from the date of this order to file an amended complaint in accord with today's opinion.

---

2. We also point out that separately pleading counts against individual defendants makes a complaint far more coherent, logical, and easier to comprehend. That, in turn, serves to make the litigation run far more efficiently, smoothly, and understandably.