## IN RE PATTEN CORPORATION NORTHEAST DECLARATORY RULING #186

[566 A.2d 969]

No. 88-134

August 24, 1989. The dispositive issue in this appeal from a declaratory ruling of the Environmental Board is whether Act 250 jurisdiction pursuant to 10 V.S.A. § 6081(a) attaches to a 1983 subdivision which was physically undeveloped prior to the sale of lots.

In 1983, Patten's predecessor purchased 204.4 acres in Londonderry, Vermont. Later, Patten recorded a subdivision plan in the town records, subdividing the property into fourteen lots ranging in size from about 11 acres to 24 acres. Because all lots

were larger than 10 acres, the law then in effect did not require Act 250 approval as a subdivision. All lots were sold by April 1983. At no time did Patten improve any road or lot, nor did it have any plans to do so.

The Board's ruling concluded that the 1983 sales of the lots constituted " 'development' ... because construction of significant [road] improvements ... was required to upgrade the roads to conditions suitable for adequate year-round access to a residential subdivision." The Board consequently ordered Patten to apply for an Act 250 land use permit.

The Board's declaratory ruling was dated about three months prior to this Court's decision in *In re Vermont Gas Systems,* 150 Vt. 34, 38, 549 A.2d 627, 629 (1988), wherein we held that the Board's "assertion of jurisdiction was premature" when construction had not commenced and plans for construction were incomplete.

Regardless of the policy favoring control over the subdivision in question here, the law then existing did not empower the Board to regulate it.

*Reversed.*