**COMMONWEALTH of Pennsylvania, D. Michael Fisher Attorney General, Plaintiff**

**v.**

**Gene P. PERCUDANI, individually and d/b/a Raintree Homes, Inc., Raintree Land Corp., Inc., Chapel Creek Mortgage Banker, Inc., Chapel Creek Homes, Inc., Chapel Creek Land Co., Homes by Vintage, Inc., Coventry**

**Homes, Inc., Chapel Creek Credit Counseling, Inc., Y Rent, Inc., Why Rent and Raintree Enterprises, Inc.; Gerard A. Powell, individually and d/b/a Chapel Creek Land Co., Inc., Y Rent, Inc. and Coventry Homes, Inc., and Dominick Stranieri, and Coastal Environmental, Inc., Defendants.**

**No. 732 M.D. 2002.**

Commonwealth Court of Pennsylvania.

Argued Nov. 4, 2003.

Decided Feb. 27, 2004.

As Amended April 7, 2004.

James M. Sysko, Scranton, for plaintiff.

Lee Applebaum, Philadelphia, for defendant, D. Stranieri.

Ernest D. Preate, Jr., Scranton, for defendant, G. Percudani.

BEFORE: COHN, LEAVITT and JIULIANTE, JJ.

*O R D E R*

AND NOW, this 7th day of April, 2004, upon consideration of Defendants'[1] Motion for Reconsideration, which this Court deems to be essentially a request for clarification, it is hereby ordered that this Court's opinion and order filed February 27, 2004 (*see Commonwealth of Pennsylvania, Michael D. Fisher, Attorney General v. Gene P. Percudani, et al.,* 844 A.2d 35 (Pa.Cmwlth. 2004)) is amended as follows:

Beginning at page 4, fourth full paragraph and up to and including page 5, third full paragraph:

In Count I of the complaint, entitled "Unfair and Deceptive Acts and Prac-

1. The Motion for Reconsideration was filed on behalf of Defendants Gene P. Percudani, Raintree Homes, Inc., Raintree Land Corp., Chapel Creek Mortgage Banker, Inc., Chapel Creek Homes, Inc., Chapel Creek Land Co., Homes by Vintage, Inc., Chapel Creek Credit Counseling, Inc., Why Rent, Raintree Enterprises, Inc. and Coastal Environmental, Inc.

tices," the Commonwealth identifies over 100 consumers that entered into land purchase and construction agreements with the various companies. It is alleged that consumers entered into land purchase and construction agreements with Defendants whereupon the parties agreed that consumers would make a down payment toward the purchase of the land and construction of their homes. By way of addendum to the land purchase and construction agreements, the parties agreed that consumers would continue to make monthly payments to Defendants as down payments on their land/home packages, and in return, Defendants would pay consumers' rent.

The complaint further alleges that consumers' funds were not escrowed; rather, they were commingled with Defendants' other funds. Notwithstanding the agreement and addendums, Defendants used the monthly payments to pay consumers' rents. The full amount of the monthly payment was credited to the purchase agreements, despite the deduction for the rent payments. Additionally, Defendants gave consumers various credits toward settlement costs at closing.

Defendants' actions misled consumers as to the true nature of Defendants' program and further misled underwriters and lenders about consumers' financial resources. These "double credits" created a need for Defendants to recover the concession, which they did by way of inflated selling prices that were inconsistent with the Pocono region.

The Commonwealth alleges that Defendants' acts, omission, practices and methods of operation are in violation of Section 3 of the Law, 73 P.S. § 201-3 (pertaining to unlawful acts or practices; exclusion) and constitute unfair or deceptive acts or practices under Sections 2(4)(i), (ii), (iii), (v), (vii), (xi), and (xxi) of the Law.

/s/ Jess S. Jiuliante
Senior Judge