**Ronald D. WEAVER, Appellant**

v.

**FRANKLIN COUNTY.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 22, 2006.

Decided March 7, 2007.

Ronald D. Weaver, appellant, pro se.

Suzanne B. Merrick, Pittsburgh, for appellee.

BEFORE: COLINS, President Judge, and SIMPSON, Judge, and LEAVITT, Judge.

OPINION BY Judge SIMPSON.

Ronald D. Weaver (Plaintiff), a state prison inmate representing himself, appeals an order of the Court of Common Pleas of the 39th Judicial District, Franklin County Branch (trial court),[1] sustaining preliminary objections and dismissing Weaver's civil complaint for money damages. Plaintiff's four-count complaint alleges unnamed employees of Franklin County (Defendant) committed acts of conspiracy, negligence, intentional infliction of emotional distress, and libel in the prosecution and imprisonment of Plaintiff for sexual assault. The trial court held Defendant is immune from Plaintiff's claims. We agree, and further conclude Plaintiff's poorly pleaded civil rights claim fails.

Plaintiff's complaint sets forth the following averments. In 1983, a district justice and other individuals devised a plan to

---

1. The Supreme Court appointed the respected C. Joseph Rehkamp, President Judge of the 41st Judicial District, to preside over Plaintiff's civil lawsuit. Original Record (O.R.) Item 14.

convict Plaintiff of sexual assault. Compl. at ¶¶ 6–7. Notwithstanding the lack of probable cause, the district justice bound Plaintiff over for trial. *Id.* at ¶ 9. The Franklin County District Attorney thereafter filed a criminal information against Plaintiff despite knowledge of the false allegations. *Id.* at ¶¶ 12; 30. Plaintiff's counsel attempted to bribe both the court and the District Attorney to drop the charges. *Id.* at ¶ 13.

At the start of Plaintiff's jury trial, the presiding judge allowed Plaintiff's counsel to withdraw and denied Plaintiff adequate time to obtain competent counsel. *Id.* at ¶¶ 15–16; 18. After Plaintiff retained new counsel, the case was heard before a jury not of Plaintiff's choosing. During the trial, Plaintiff alleges, he was denied certain documents and the right to present exculpatory evidence. *Id.* at ¶¶ 22–23; 25; 32. The witnesses who testified against Plaintiff gave false testimony under threat of prosecution. *Id.* at ¶ 27. The jury found Plaintiff guilty. *Id.* at ¶ 33.

Plaintiff appealed to the Superior Court; however, Defendant withheld court documents to impede appellate review. *Id.* at ¶ 36. The Superior Court affirmed Plaintiff's conviction. *Id.* Notwithstanding, the Court remanded the case to the trial court for appointment of counsel and a hearing on Plaintiff's ineffective assistance of counsel claim. *Id.* at ¶ 37.

In 1986, Plaintiff filed a malpractice action against original and subsequent trial counsel, as well as eight other actions which the Prothonotary's Office suppressed. *Id.* at ¶¶ 41–43. The court dismissed one of Plaintiff's actions, and an appeal followed. *Id.* at ¶ 45.

In March 1987, Plaintiff filed a petition under the Post Conviction Relief Act (PCRA)[2] challenging his sexual assault conviction. *Id.* at ¶ 42. A hearing on the petition was scheduled two years later; but, without notice, was changed to a remand hearing. *Id.* at ¶ 46. In addition, the court quashed Plaintiff's subpoenas for individuals who failed to attend Plaintiff's trial and for appellate counsel. *Id.* at ¶ 47. The court failed to dispose of Plaintiff's objections. *Id.*

In July 1990, a federal public defender, acting in concert with Defendant, informed Plaintiff that he would not be released from prison unless he withdrew his claims. *Id.* at ¶ 48. Thereafter, in late 1990, Plaintiff filed private criminal complaints with the District Attorney alleging Defendant's Prothonotary violated the Crimes Code. *Id.* at ¶¶ 49–50.

In March 1992, Plaintiff filed a writ of habeas corpus. *Id.* at ¶ 51. The court denied the writ, and further ordered Plaintiff to amend his PCRA petition. *Id.* Sporadic hearings were held on Plaintiff's amended PCRA petition, and Plaintiff sought the presiding judge's removal due to a conflict of interest. *Id.* at ¶¶ 54–56. Plaintiff alleges that he was denied evidence and that his appointed counsel refused to follow instructions during the PCRA proceedings. *Id.* at ¶¶ 54; 70–80. The court ultimately denied Plaintiff's PCRA petition. *Id.* at ¶¶ 60; 66–68. On appeal, the Superior Court failed to make an independent review of the lower court's falsified record. *Id.* at ¶¶ 63; 66–67; 81. Plaintiff alleges he remains in prison as a direct result of the PCRA court's actions and the Superior Court's refusal to ascertain the accuracy of the record of Plaintiff's criminal proceedings. *Id.* at ¶¶ 80–81. In addition, PCRA counsel negligently filed an appeal with the Supreme Court which deprived Plaintiff review of his pros-

---

**2.** 42 Pa.C.S. §§ 9541–46.

ecutorial misconduct claims. *Id.* at ¶¶ 85–86.

In May 1993, Plaintiff filed a complaint in mandamus against the District Attorney seeking enforcement of the previously filed private criminal complaints. *Id.* at ¶ 53.

In 1995, Plaintiff attempted to serve an amended malpractice complaint against original and subsequent trial counsel. *Id.* at ¶ 84. At that time, Plaintiff alleges, he learned Defendant destroyed the amended complaint and his 1986 malpractice complaint did not appear on the docket. *Id.* at ¶ 102.

Plaintiff filed a second PCRA petition in early 1997 that remains suppressed by Defendant's Clerk of Courts. *Id.* at ¶¶ 95–96. Plaintiff filed a second writ of habeas corpus in January 2004, alleging inadequate remedies under the PCRA. *Id.* at 105. Plaintiff avers numerous motions and petitions remain outstanding and the 2004 writ of habeas corpus does not appear on the court docket. *Id.* at ¶ 108. In addition, Plaintiff filed a civil suit against a court-appointed psychiatrist, who allegedly made a false report of Plaintiff's mental health during the criminal proceedings. *Id.* at ¶ 114. Plaintiff alleges he is defamed by the psychiatric report when the trial court's docket is viewed. *Id.* at ¶¶ 116–17.

While incarcerated, Plaintiff alleges, he was harassed, searched naked in front of a female officer, battered, forced to live in unsanitary quarters, humiliated, degraded and denied meals. *Id.* at ¶¶ 59; 107. In addition, Plaintiff alleges he was denied parole due to Defendant's influence. *Id.* at ¶ 94.

Particularly relevant to this appeal, Plaintiff alleges he is unable to individually identify Defendant's employees responsible for his illegal incarceration. Therefore, he invokes *respondeat superior*, or the master-servant rule.[3] *Id.* at ¶ 121. Defendant's failure to train, supervise, and discipline its employees resulted in Plaintiff's false imprisonment. *Id.* at ¶¶ 87–91; 135; 140–42.

Based upon the above actions, Plaintiff filed the instant complaint in April 2006 alleging Defendant's conduct constitutes civil conspiracy, negligence, intentional infliction of emotional distress, and libel.[4] *Id.* at ¶¶ 151–60. He seeks millions of dollars of monetary damages for each year since 1984.

Not surprisingly, Defendant filed preliminary objections to Plaintiff's complaint asserting immunity pursuant to Section 8541 of the Judicial Code (Code), 42 Pa. C.S. § 8541. Alternatively, Defendant alleged Plaintiff's claims are merely a collateral attack of his sexual assault conviction; therefore, his exclusive means of redress is the PCRA. As an additional defense, Defendant asserted Plaintiff's claims are barred by the two-year statute of limitations. 42 Pa.C.S. § 5524.

The trial court, relying on *Ferber v. City of Philadelphia*, 661 A.2d 470 (Pa. Cmwlth.1995),[5] sustained Defendant's pre-

---

3. The master-servant rule holds an employer or principle liable for the employee's or agent's wrongful acts committed within the scope of the employment or agency. Black's Law Dictionary 1313 (7th Ed. 1999).

4. Plaintiff, in his libel claim, alleges the psychiatric report appended to the criminal docket portrays him in a false light. False light, however, is a distinct invasion of privacy claim. Plaintiff fails to allege Defendant

had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which he was placed. *See* Restatement (Second) of Torts § 652E (1977). Thus, any claim for invasion of privacy fails.

5. In *Ferber*, the plaintiff was wrongfully imprisoned for murder. He sued the City and six of its police officers for malicious prosecution, civil conspiracy, abuse of process, and

liminary objections on the ground Defendant is immune from suit. Plaintiff appeals.[6]

Plaintiff raises two issues on appeal. First, he contends the trial court erred by dismissing his constitutionally based tort complaint. Second, he asserts the court erred by failing to afford him a due process hearing or an opportunity to amend his complaint. Of further significance, we recognize Plaintiff's complaint alleges a civil rights violation, namely, access to the courts.

## I.

### A. Intentional Infliction of Emotional Distress, Libel, and Negligence

■ We first address Plaintiff's intentional tort and negligence claims. At the outset, Section 8541 of the Code, 42 Pa. C.S. § 8541, provides:

> Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person.

The Code defines "local agency" to include "[a] government unit other than the Commonwealth government." 42 Pa.C.S. § 8501. Accordingly, Defendant is a local agency immune from damages.

However, where the General Assembly specifically waives immunity, liability may attach. 42 Pa.C.S. § 8541. Liability may be imposed where damages are recoverable at common law or under a statute creating a cause of action if the injury was caused by a person not protected by immunity; the injury was caused by negligent acts of the local agency, or its employees acting within the scope of their duties; and, the claim falls within one of eight enumerated exceptions in 42 Pa.C.S. § 8542(b).[7] *Granchi v. Borough of N.*

---

intentional infliction of emotional distress. At the time of the plaintiff's complaint, a City ordinance barred the City from pleading immunity as a defense to a civil action brought by a person sustaining serious bodily injury caused by the negligent or unlawful conduct of its police officers acting within the scope of their employment. The matter proceeded to a jury trial. To prevent a double recovery against the City, the jury verdict slip indicated the City was liable for the police officers' conduct because they were acting within the course of employment. A jury returned a verdict in the plaintiff's favor. Post-trial motions followed.

In the interim, the Supreme Court determined in an unrelated matter that the City ordinance was inconsistent with the Judicial Code, the City could not waive immunity, and the Code's immunity provisions applied retroactively. Consequently, the trial court in *Ferber* dismissed the City as a defendant and granted a new trial for damages against the police officers.

On appeal, we affirmed dismissal of the City on immunity grounds. In doing so, we rejected the plaintiff's argument that 42 Pa.

C.S. § 8550 (relating to willful misconduct) suggests there are circumstances when the local agency may be liable for willful misconduct or crimes of its employees. We stated Section 8550 makes clear an employee may be acting within the course of employment, but when his actions are willful misconduct or criminal, the defenses do not apply and the local agency is not required to indemnify the employee. Applying *Ferber* here, Defendant is not liable for the willful misconduct of its employees.

6. Our review of an order sustaining preliminary objections is whether the law states with certainty no recovery is possible under the facts alleged. *Brown v. Blaine*, 833 A.2d 1166 (Pa.Cmwlth.2003). We accept as true all well-pled allegations and material facts averred in the complaint, as well as inferences reasonably deduced therefrom. *Id.* Any doubts should be resolved in favor of overruling the demurrer. *Id.*

7. In summary, the governmental immunity exceptions set forth in 42 Pa.C.S. § 8542(b) cover: operation of motor vehicles; care, custody or control of personal property; care,

*Braddock,* 810 A.2d 747 (Pa.Cmwlth.2002). These exceptions are strictly construed and narrowly interpreted. *Id.*

In this case, even if Plaintiff sufficiently pleaded his claims of civil conspiracy, intentional infliction of emotional distress and libel, they are not negligent acts exposing Defendant to liability. *See Wakshul v. City of Phila.,* 998 F.Supp. 585 (E.D.Pa.1998) (intentional infliction of emotional distress did not fall within enumerated exceptions to immunity); *Brown v. Blaine,* 833 A.2d 1166 (Pa.Cmwlth.2003) (libel does not fall within any enumerated exceptions to immunity; *cf. Burnside v. Abbott Laboratories,* 351 Pa.Super. 264, 505 A.2d 973 (1985) (proof of malice, i.e., an intent to injure, is an essential element in order to prove conspiracy). Furthermore, while there is statutory abrogation of immunity of individual employees for intentional torts, it does not remove the immunity of the local agency. 42 Pa.C.S. § 8550; *Ferber; Petula v. Mellody,* 158 Pa.Cmwlth. 212, 631 A.2d 762 (1993). Consequently, Plaintiff's intentional tort claims fail against the local agency, Defendant here.

For this same reason, Plaintiff's allegations Defendant negligently failed to transmit records and docket pleadings fail. These actions do not fall within any of the exceptions to immunity. 42 Pa.C.S. § 8542(b); *Zernhelt v. Lehigh County Office of Children & Youth Servs.,* 659 A.2d 89 (Pa.Cmwlth.1995). Plaintiff's complaint thus fails to state a cause of action for negligence.

## B. 42 U.S.C. § 1983–Civil Rights Violation

■ As outlined above, Plaintiff's complaint states four causes of action. He did not specifically assert a violation of civil rights in his complaint. Nevertheless, we recognize Plaintiff's complaint could support a 42 U.S.C. § 1983[8] claim based on a violation of Plaintiff's right to petition the courts. U.S. CONST., art. 1 ("Congress shall make no law … prohibiting … the right of the people … to petition the Government for a redress of grievances.").

■ Initially we note:

Although a plaintiff is not required to set forth the statute by stating a "Section 1983" cause of action in his complaint, to maintain such an action, a plaintiff is required to allege first that a person or persons deprived him of some cognizable federal right, privilege or immunity, and second, that the persons or persons deprived him of that right while acting under color of state law.

*Clark v. Se. Pa. Transp. Auth.,* 691 A.2d 988 (Pa.Cmwlth.1997); *see also Owens v. Shannon,* 808 A.2d 607, 610 n. 6 (Pa. Cmwlth.2002); *Anelli v. Arrowhead Lakes Cmty. Ass'n, Inc.,* 689 A.2d 357 (Pa. Cmwlth.1997).

Plaintiff's allegations are as follows. Defendant is a political subdivision existing under the laws of the Commonwealth.

---

custody or control of real property; a dangerous condition of trees, traffic controls and street lighting; a dangerous condition of steam, sewer, water, gas or electric systems; a dangerous condition of streets; a dangerous condition of sidewalks; and the care, custody or control of animals.

**8.** 42 U.S.C. § 1983 provides:

Every person who, under of any statute, ordinance, regulation, custom, or usage, of any State … subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the constitution and laws, shall be liable to the party injured. …

The Judicial Code's immunity provisions for local agencies do not apply to civil rights claims. *Gallaher v. Goldsmith,* 213 F.Supp.2d 496 (E.D.Pa.2002).

Compl. at ¶ 3. By and through its employees acting within the course and scope of their employment, Defendant refused to transmit to the appellate court certain court documents generated during the criminal investigation and subsequent trial resulting in the appellate court's failure to review the complete record. *Id.* at ¶¶ 4; 36. In addition, Defendant's Prothonotary suppressed a number of civil lawsuits which deprived Plaintiff the right to seek review by the appellate court. *Id.* at ¶ 42. Defendant, Plaintiff avers, failed to docket his 1986 malpractice action and later destroyed an amended complaint on the same cause of action. *Id.* at ¶ 84; 102–103; 129.

Plaintiff further avers Defendant suppressed several civil lawsuits and a mandamus action filed against its Prothonotary until they were rendered moot. *Id.* at ¶¶ 96–98. Likewise, Defendant refused to transmit his appeal of the dismissal of a lawsuit against the court-appointed psychiatrist. *Id.* at ¶ 114.

Plaintiff also alleges Defendant's employees violated their mandatory duty to uphold the Pennsylvania Constitution and to rightfully discharge their duties by failing to docket pleadings and transmit court records. *Id.* at ¶ 127; 130. As a direct result, Plaintiff alleges, Defendant violated his right to petition the courts and deprived him of due process. *Id.* at ¶ 91; 110; 130; 144; 150; 151; 153–155.

The above allegations could support a 42 U.S.C. § 1983 action asserting a violation of Plaintiff's federal right of access to the courts. *Owens; Anelli; Clark. Cf. West v. Atkins,* 487 U.S. 42, 49–50, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988) ("[i]t is firmly established that a defendant in a § 1983 suit acts under color of state law when he abuses the position given to him by the State.... Thus, generally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law."). However, this claim fails because Plaintiff cannot identify with specificity the employees who allegedly committed the wrongful acts.

In *Monell v. Department of Social Services of City of New York,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), the Supreme Court, after reviewing relevant legislative history, first held a local agency may be sued directly under 42 U.S.C. § 1983 for monetary damages where the alleged unconstitutional action is based on a deprivation of rights caused by a governmental custom, policy statement, ordinance, regulation or decision officially adopted and promulgated by the local agency's officers. In that same decision, however, the Court further determined a municipality cannot be held liable *solely* because it employs a tortfeasor. In other words, the Court concluded a municipality cannot be liable under 42 U.S.C. § 1983 on a master-servant theory. *See also Thomas v. City of Phila.,* 804 A.2d 97, 107 (Pa.Cmwlth.2002) ("Under *Monell,* it was also established that the [local agency's] policy must be the 'moving force [behind] the constitutional violation;' *respondeat superior* cannot serve as the basis for municipal liability under Section 1983."); *Hennessy v. Santiago,* 708 A.2d 1269 (Pa.Super.1998).

■ Here, Plaintiff specifically alleges:

Plaintiff is unable to precisely identify which individuals in Defendant's offices are responsible for each act and therefore Plaintiff invokes the doctrine [respondeat] superior.

Compl. at ¶ 121. Applying *Monell, Thomas* and *Hennessy* to the complaint here, we conclude Plaintiff's claims for denial of access to the courts fails; Defendant cannot

be held liable solely under a master-servant theory.[9]

## C.  Conspiracy

Initially, we note, "civil conspiracy occurs when two or more persons combine or agree intending to commit an unlawful act or do an otherwise lawful act by unlawful means." *Brown*, 833 A.2d at 1173, n. 16. A party asserting such a claim is required to aver "material facts which will either directly or inferentially establish elements of conspiracy." *Id.* The Court in *Brown* noted that, in addition to alleging the above, a plaintiff must allege facts supporting a claim for conspiracy, namely (1) the persons combined with a common purpose to do an unlawful act or to do a lawful act by unlawful means or unlawful purpose, (2) an overt act in furtherance of the common purpose has occurred, and (3) the plaintiff has incurred actual legal damage. *Id.* Additionally, absent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act. *McKeeman v. Corestates Bank, N.A.*, 751 A.2d 655 (Pa.Super.2000).

Whether viewed as a state tort claim or as a federal civil rights claim, Plaintiff's civil conspiracy claim fails for several reasons. First, as a state tort claim, Defendant is immune. As previously discussed, conspiracy is an intentional tort for which immunity is not waived. Also, Plaintiff alleges Defendant conspired to wrongfully convict him of sexual assault, withhold evidence, create a false record and impede appellate review. These alleged acts do not fall within the exceptions to immunity. 42 Pa.C.S. § 8542(b). Further, because as explained above Plaintiff cannot recover for the underlying torts of intentional infliction of emotional distress and libel, there can be no conspiracy as to them. *McKeeman.*

Second, as a state tort claim, Plaintiff's conspiracy allegations attack the legality of his criminal conviction. However, a criminal conviction cannot be collaterally attacked in subsequent civil proceedings. *Perez v. Bureau of Comm'ns*, 854 A.2d 998 (Pa.Cmwlth.2004); *Francis v. Dep't of Transp., Bureau of Driver Licensing*, 746 A.2d 1193 (Pa.Cmwlth.2000).

Third, as a federal civil rights claim, the Supreme Court rejected a similar claim in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). In *Heck*, the defendant brought a Section 1983 action against state officials alleging they improperly investigated his crime and destroyed evidence. The Supreme Court rejected the defendant's constitutional claims, holding "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Id.* at 486, 114 S.Ct. 2364. The Court further explained that where the basis for the constitutional claims would require proof of the invalidity of the underlying conviction, a civil rights action cannot be maintained unless the conviction or sentence was invalidated. *Id.* at 487, 114 S.Ct. 2364.

Here, evidence on the present claims would require proof of a wrongful conviction. Plaintiff's criminal conviction, however, remains valid. Thus, Plaintiff cannot attempt to challenge his conviction through this action. *Heck.*

---

**9.** To the extent they are alleged, Plaintiff's claims for violations of Articles I and VI of the Pennsylvania Constitution fail. In *Jones v. City of Philadelphia*, 890 A.2d 1188 (Pa. Cmwlth.2006), this Court declined to create a private cause of action for money damages based on state constitutional violations.

## II. Due Process/Leave to Amend Complaint

 Plaintiff further contends the trial court erred by denying him a due process hearing and by failing to grant leave to amend his complaint. We disagree.

 Fundamentally, due process affords an individual notice and opportunity to be heard. *Salters v. Pa. State Police Mun. Police Officers' Educ. & Training Comm'n*, 912 A.2d 347 (Pa.Cmwlth.2006). Here, Defendant filed preliminary objections in accord with 39th Jud. Dist. R.C.P. 1028(c). Plaintiff timely filed a brief in opposition to Defendant's preliminary objections. Neither Plaintiff nor Defendant requested oral argument. Pursuant to the local rule, *any* party may list the preliminary objections for oral argument. *Id.* at 1028(c)(ii); C. Where Plaintiff filed a brief in opposition to Defendant's preliminary objections, and could have sought oral argument but failed to do so, he received all the process he was due.

 Further, we disagree the trial court erred by failing to grant Plaintiff leave to amend his complaint. Except where an amendment is allowed as of course under Pa. R.C.P. No. 1028, or granted as of right under other provisions of the Rules of Civil Procedure, the trial court has discretion of whether to allow amended pleadings. Pa. R.C.P. No. 1033; *Koresko v. Farley*, 844 A.2d 607 (Pa. Cmwlth.2004). Moreover, we will not reverse the decision of the trial court in the absence of a clear abuse of discretion. *Id.* Amendments are liberally permitted in order to allow full development of a party's theories and averments. *Id.* However, amendments may be denied where there is prejudice or surprise to the opposing party. *Biglan v. Biglan*, 330 Pa.Super. 512, 479 A.2d 1021 (1984). Also, an amendment is properly refused where it appears amendment is futile. *Lutz v. Springettsbury Twp.*, 667 A.2d 251 (Pa.Cmwlth.1995).

As shown above, Plaintiff's state claims fail on the basis of immunity. An amendment will not cure this defect. In addition, as to federal civil rights claims, Plaintiff concedes he cannot specifically identify individual employees whose conduct gives rise to his causes of action. Compl. at ¶ 121. The inability to identify individual employees, and the inability to aver that the underlying conviction was invalidated, bars recovery on federal civil rights claims. Thus, remand to the trial court for amendment of Plaintiff's complaint would only delay inevitable dismissal.

Accordingly, we affirm.

### ORDER

**AND NOW**, this 7th day of March, 2007, the Court of Common Pleas of the 39th Judicial District, Franklin County Branch, is hereby **AFFIRMED**.